No. 35,477

F. O. MACE, *Appellant,* v. BOB NORWOOD et al., *Appellees.*

(124 P. 2d 497)

Opinion filed April 11, 1942.

*Charles Vance,* of Liberal, argued the cause, and *Charles M. Tucker,* of Liberal, was on the briefs for appellant.

*G. L. Light* and *Auburn G. Light,* both of Liberal, were on the briefs for appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action to recover rents. The appeal is from an order overruling plaintiff's demurrer to defendant's answer.

The pleadings may be summarized as follows: Plaintiff alleged that in February, 1939, he was the owner of certain described real property occupied by his tenant, Pansy Burge, at a stipulated monthly rental; that the defendant Norwood, claiming to be entitled to the rents, approached Burge and demanded payment of the rents, and upon Burge's refusal demanded that no more rents be paid to plaintiff. Uncertain which one to pay, Burge withheld payment until a sum stated had accumulated. Plaintiff prayed judgment against Burge for that sum and that Norwood be adjudged to have no interest in the rents.

The plaintiff and the defendants, Burge and Norwood, entered into a written stipulation by which it was agreed that Burge owed $330 for rent on the premises and upon the payment of that sum into court Burge would be relieved of further liability. This was done.

The defendant Norwood filed an answer in which he admitted that on February 1, 1939, plaintiff was the owner of the real property described in his petition and that the defendant Burge was the tenant in possession, but alleged such ownership and possession were subject to the balance due (amount unknown) upon a first mortgage executed September 20, 1922, by plaintiff and his wife to the Aetna Building and Loan Association to secure their note for $2,000, and also subject to a second mortgage, executed January 1, 1937, by plaintiff and his wife to this defendant in the sum of $1,500; that on November 17, 1938, in an action against plaintiff and others to foreclose the second mortgage this defendant recovered a judgment against plaintiff and his wife for $1,697 and a decree foreclosing the second mortgage; that on January 9, 1939, at a duly ad-

vertised sheriff's sale of the property under that decree, this defendant purchased the property for $1,879.94, the same being the full amount of his judgment against plaintiff and wife, plus interest thereon, costs and taxes. It was further alleged that the first mortgagee, the Aetna Building and Loan Association, was not a party to that foreclosure proceeding nor interested therein in any way.

Defendant further alleged that on November 8, 1932, plaintiff and his wife, for a valuable consideration and as additional security for its mortgage, executed to the Aetna Building and Loan Association their written assignment of the rents of the property, a copy of which was attached, marked exhibit A, and made a part of the answer, which rent assignment never has been canceled or revoked; that payments on the first mortgage became delinquent in July, 1939, and the mortgage subject to foreclosure; that to prevent the foreclosure of the first mortgage this defendant was compelled to and did purchase the same and pay the balance due thereon, $382.25, and the mortgagee duly assigned the mortgage to this defendant, a copy of which assignment was attached, marked exhibit B, and made a part of the answer; that said mortgage was not merged into defendant's right, title and interest in the property; that at the same time and for the same consideration the Aetna Building and Loan Association assigned to this defendant all its right, title and interest in the aforesaid rent assignment, a copy of which assignment, marked exhibit C, was attached to the answer and made a part thereof.

In his answer defendant admitted he had demanded payment of the rents from the tenant Burge pursuant to the rent assignment, and payment had been refused; alleged plaintiff is insolvent, and that the value of the property mortgaged does not exceed $1,500, and denied all other allegations of the petition, and prayed judgment for $330 paid by Burge into court.

Plaintiff demurred to this answer on the grounds it does not state facts sufficient to constitute a defense, or to constitute a cause of action in favor of defendant, and shows on its face plaintiff is entitled to the relief prayed for in his petition.

While not specifically alleged in the answer, counsel for the parties in this court agree that the sheriff's sale under the decree foreclosing the second mortgage was duly confirmed and the period of redemption fixed at eighteen months, and that all of the rents involved in

this controversy are rents which accrued during this eighteen months' period.

Exhibit A, attached to the answer, is entitled "Rent Assignment" and provides:

"That Frank O. Mace" and wife "do hereby appoint The Aetna Building and Loan Association, . . . or its duly appointed agent, attorney for the undersigned, to rent said premises, and to demand, receive and collect from the tenants . . . all rentals now due or which shall become due . . . and to apply such rentals toward repairs and upkeep of the property, and dues, interest, taxes, etc., that may be due . . . by reason of a first mortgage.

"In case of default in the payment of said rents," the mortgagee, "thru its duly appointed agent is hereby authorized to take possession of the premises . . . and prosecute such legal proceedings as may be necessary for the collection of said rents. This power is hereby created to terminate only when the first mortgage . . . has been fully paid.

"This rent assignment is given . . . in consideration of the fact that the said mortgage . . . is in default and subject to foreclosure, and the mortgagee "has agreed . . . to withhold foreclosure of said mortgage upon the performance of the obligations under said substitution agreement."

Exhibit B is an assignment of the first mortgage by the Aetna Building and Loan Association to the defendant Norwood in consideration of $382.85. Exhibit C is entitled "Assignment of Rent Assignment" and recites:

"For value received, the Aetna Building and Loan Association, hereby sell, assign, transfer, set over and convey unto" defendant "all its right, title and interest in and to the within assignment of rents," identified as "exhibit A."

Appellant argues that by exhibit A the mortgagors did nothing more than appoint the Aetna Building and Loan Association, or its agent, attorney for the mortgagors to collect the rents and apply them as directed; that in collecting such rents and applying them as directed it acted simply as an attorney in fact, or an agent (see 2 C. J. S. 1037) of the mortgagors, and that it had no right or authority to assign the rents it had under exhibit A to the defendant Norwood, or to anyone else. The point is well taken. Where an agency involves duties of personal trust and confidence the agent may not assign his authority to act as agent without the consent of his principal. (2 C. J. S. 1068; 5 C. J. 880.) It is true the Aetna Building and Loan Association could appoint someone as its agent to act as attorney for the mortgagors in collecting and applying the rents, and it might designate different persons from time to time as its agent for that purpose, since the only way a corporation can act

is through its agents or some one representing it. But the defendant Norwood was not appointed by the mortgagee as its agent to act as attorney for the mortgagors. Under exhibit C the mortgagee attempted to assign its right to appoint someone as attorney for the mortgagors to collect and apply the rents. We think it had no authority to do this.

Appellee quotes from exhibit A: "This power is hereby created to terminate only when the first mortgage . . . has been fully paid." The power referred to in that paragraph is for the mortgagee to take possession of the premises if the tenant defaulted in the payments, and to prosecute legal proceedings to collect the rents. No attempt was made to exercise that power.

The last paragraph of exhibit A recites that the instrument was given in consideration of the fact that the mortgage was in default and subject to foreclosure, and by it the mortgagee agreed "to withhold foreclosure" upon the performance of the provisions of the instrument. The instrument gave the mortgagee two remedies, if its terms were not complied with: (1) To take possession and to sue the tenant to collect rents, which had not been done, and (2) to cease to withhold foreclosure, or, in other words, to start foreclosure, which has not been done. Had the Aetna Building and Loan Association attempted to foreclose its mortgage when it was in default and subject to foreclosure in July, 1939, exhibit A would not have authorized it to collect rents from the building during the period of redemption from the judicial sale had under such foreclosure. (*Capitol B. & L. Ass'n v. Ross,* 134 Kan. 441, 7 P. 2d 86.)

Appellant further contends that under the statute (G. S. 1935, 17-1011) the Aetna Building and Loan Association was not authorized in July, 1939, to assign its mortgage to defendant Norwood, for the reason he was not then a junior lienholder. He was at that time the holder of, or entitled to have had issued to him, a certificate of purchase under the sheriff's sale of January 9, 1939, and its confirmation. He was therefore an equitable owner of the real estate, subject to the first mortgage, as distinct from being a second lienholder. (See *Union Central Life Ins. Co. v. Reser,* 134 Kan. 876, 880, 8 P. 2d 366, and cases there cited.)

Appellant argues that to permit defendant to recover in this case would be to violate the spirit of our mortgage redemption law and the purpose of the legislature in enacting it. We think the point is well taken. The redemption law was designed to protect the debtor

by permitting him to redeem at the price at which the property sold. (*Fraser v. Seeley,* 71 Kan. 169, 172, 79 Pac. 1081.) Any agreement written into a mortgage which attempts to bar the right of the mortgagor to redeem is contrary to the purpose of the act and is invalid. While the legislature did not specifically legislate against the plan used by defendant to get the rents of the property during the period of redemption fixed upon the foreclosure of his mortgage, we think it is contrary to the fundamental purpose and intent of the statute.

The result is the judgment of the court below must be reversed with directions to sustain the demurrer to the answer. It is so ordered.

HOCH, J., not participating.