23428

ANDERSON BROTHERS BANK, Respondent v. Howard R. ADAMS, Deborah D. Adams, The South Carolina Tax Commission, Conway National Bank, Whatcha McCollum Car Rental, National Bank of South Carolina, First Citizens Bank & Trust Company of S.C., Larry Chandler and William C. Lyerly, Jr., Defendants, Of Whom Larry Chandler and William C. Lyerly, Jr., are Appellants. And Larry CHANDLER and William C. Lyerly, Jr., Appellants v. Howard ANDERSON, Respondent.

(406 S.E. (2d) 173)

Supreme Court

*John C. Thompson* of *Thompson, Henry, Gwin, Brittain & Stevens, P.A.,* Conway, *for appellants, Larry Chandler* and *William C. Lyerly, Jr.*

*J. Jackson Thomas* of *Stevens, Stevens & Thomas, P.A.,* Myrtle Beach, and *John P. Williams, Jr.* of *Hooks & Williams,* Marion, *for respondent.*

*Howell V. Bellamy, Jr.* of *Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for respondent, Howard Anderson.*

Heard Jan. 9, 1991; Decided July 8, 1991.

Rehearing Denied Aug. 5, 1991.

CHANDLER, Justice:

In this foreclosure action, guarantors of a mortgage indebtedness appeal an order adjudicating them liable for the full amount of a deficiency judgment. We affirm in part, reverse in part and remand.

## FACTS

In 1984, Respondent Anderson Brothers Bank (Bank) make a $125,000 loan to Howard and Deborah Adams (Debtors) secured by a first mortgage on 19 subdivision lots and a third mortgage on the Debtor's home and surrounding acreage. First and second mortgages on the home were held by Peoples Federal Savings and Loan (Peoples Federal).

By late 1985, Debtors were experiencing financial difficulties. When Peoples Federal commenced foreclosure proceedings, Debtors sought to have Bank purchase the Peoples Federal notes and mortgages. Bank agreed, provided Debtors furnish a third party guarantor.

On March 3, 1986, Larry Chandler and William Lyerly (Guarantors) executed a written Guarantee to Bank of the entire indebtedness. Bank then purchased the loans from Peoples Federal, and received an assignment of the mortgages.

When Debtors defaulted, Bank commenced this foreclosure action in which it sought judgments against Debtors and Guarantors for any deficiency remaining after sale of the mortgaged property. Subsequently, the mortgages were ordered foreclosed and the property sold at public auction.

At the sale, Guarantors purchased both parcels, paying $175,000 for the home and $125,000 for the 19 lots. Since the sales price did not satisfy the mortgage balances, Guarantors and Debtors filed a petition for appraisal pursuant to S.C. Code Ann. §§ 29-3-680 to -770 (1991) (Appraisal Statute). The appraisal valued the home at $225,000 and the lots at $130,000.

Although the appraisal of each parcel exceeded the sales price, trial court refused to reduce Guarantors' liability on the deficiency. It held the Appraisal Statute inapplicable to Guarantors and, further, that Debtors had specifically waived its protection in the second Peoples Federal mortgage.

## ISSUES

The issues we address are: (1) Were Guarantors entitled to the benefit of the Appraisal Statute? (2) Was there a valid waiver of the Appraisal Statute?

### I. APPLICABILITY OF APPRAISAL STATUTE

Guarantors contend that they are entitled to application of the Appraisal Statute. We agree.

Section 29-3-680 provides that:

In any real estate foreclosure proceeding a *defendant* against whom a personal judgment be taken or asked . . . may within 90 days after the sale of the mortgaged property apply . . . for an order of appraisal. (Emphasis supplied.)

Here, Guarantors were made party defendants by the Bank in the mortgage foreclosure proceeding and personal judgments rendered against them.

We hold that, under the plain and unambiguous terms of the statute, they were entitled to its benefit.

### II. WAIVER

The second Peoples Federal mortgage contains the following provisions:

22. Waiver of Right of Appraisal. Borrower hereby waives the right to assert any statute providing appraisal rights which may reduce any deficiency judgment obtained by lender against Borrower in the event of foreclosure under this Mortgage.

The trial court applied Debtors' foregoing waiver against Guarantors.

Guarantors contend that the waiver was ineffective, being "[a] statement hidden in small print at the end of a mortgage . . ." We agree. "Since necessity often drives debtors to make ruinous concessions when a loan is needed, [the Appraisal Statute] should be applied to protect them and prevent a waiver in advance." *Salter v. Ulrich,* 22 Cal. (2d) 263, 138 P. (2d) 7, 9 (1943). *See also Mace v. Norwood,* 155 Kan. 302, 124 P. (2d) 497 (1942); *Elson Dev. Co. v. Arizona Sav. & Loan Ass'n,* 99 Ariz. 217, 407 P. (2d) 930 (1965).

We hold that boilerplate language, inserted by Bank, at the end of a mortgage signed only by Debtors, is not binding upon Guarantors.

Remaining exceptions are affirmed pursuant to Supreme Court Rule 23: *Orphan Aid Society v. Jenkins,* 294 S.C. 106, 362 S.E. (2d) 885 (Ct. App. 1987).

Affirmed in part; reversed in part and remanded for a determination of Guarantors' liability in accordance with this opinion.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.