23636

NORTH CHARLESTON JOINT VENTURE, Respondent v. KITCHENS OF ISLAND FUDGE SHOPPE, INC., Jerry Weber, Individually, Jeanette Weber, Individually, and Elizabeth DiNatale, Individually, Appellants.

(416 S.E. (2d) 637)

Supreme Court

534

*Frank M. Cisa,* of *Wooddy, Bargmann, Cisa, Styles & Dodds,* Charleston, *for appellants.*

*Cheryl D. Shoun,* of *Wall & Shoun,* Charleston, *for respondent.*

Submitted Jan. 21, 1992; Decided Apr. 13, 1992.

Reh. Den. May 6, 1992.

CHANDLER, Justice:

Appellants contend that the Circuit Court erred in transferring this case to the nonjury docket. As to Appellants Jerry Weber, Jeanette Weber and Elizabeth DiNatale, we agree and reverse. As to Appellant Kitchens of Island Fudge Shoppe, Inc., we affirm.

FACTS

Respondent North Charleston Joint Venture (Landlord) entered into a lease with Appellant Kitchens of Island Fudge Shoppe, Inc. (Tenant). Appellants Jery and Jeanette Weber and Elizabeth DiNatale (Guarantors) individually guaranteed Tenant's compliance with the lease provisions.

The lease provides for waiver of trial by jury as follows:

> To the extent permitted by applicable law LANDLORD and TENANT hereby waive all right to trial by jury in any claim, action, proceeding or counterclaim by either LANDLORD or TENANT against each other on any matter arising out of or in any way connected with this lease, the relationship of landlord and tenant or TENANT's use or occupancy of the PREMISES.

On December 11, 1989, Landlord sued Tenant for past-due rent and for damages arising from the lease agreement; Guarantors were joined as defendants. Tenant and Guarantors counterclaimed and requested a jury trial.

Landlord moved to transfer the case to the non-jury docket pursuant to the waiver clause of the lease. Trial judge held that both Tenant and Guarantors were bound by the clause and transferred the case to the non-jury docket.

## ISSUE

The sole issue is whether Guarantors are bound by the waiver of jury trial clause in the lease.

## DISCUSSION

Appellants concede the validity of the waiver clause and that it binds Tenant. *See Leasing Serv. Corp. v. Crane*, 804 F. (2d) 828 (4th Cir. 1986) (right to jury trial may be waived by contract). However, they contend that Guarantors, not being parties to the waiver clause, are entitled to a jury trial. We agree.

Trial by jury is a substantial right and any waiver thereof must be strictly construed. Here, the waiver clause, by its express terms, is applicable only to Landlord and Tenant. *See, e.g., Anderson Bros. Bank v. Adams*, — S.C. —, 406 S.E. (2d) 173 (1991). Although the guaranty was incorporated by reference into the lease contract, Guarantors were not parties to the lease nor were they named in the waiver clause.

While, as indicated, appellants concede Tenant is bound by the waiver clause, we hold that Guarantors have not waived their right to a jury trial. *See First Borough Corp. v. Wasserstein*, 206 Misc. 753, 137 N.Y.S. (2d) 40 (1954); 47 Am. Jur. *Jury* § 87 (1969).

Accordingly, we reverse the Order transferring the case to the non-jury docket as to Guarantors, and affirm as to Tenant.[1]

---

[1] Notwithstanding Guarantors' right to jury trial and Tenant's waiver of that right, the issue here may be decided in a single trial at a jury term of court.

After all evidence is presented to an empaneled jury, the court, sitting as judge and jury, shall determine Landlord's claim against Tenant for past-due rent. If it holds Landlord has failed to establish its claim, the case against both Tenant and Guarantors shall be dismissed. If it holds Landlord has established its claim, the jury, upon proper instruction, shall decide Landlord's action against Guarantors.

Alternatively, the trial judge, in a bench trial, shall determine the issue of past-due rent raised by the pleadings between Landlord and Tenant. If the court holds that Landlord has failed to prove its claim, the case against all defendants shall be dismissed. if it determines that Landlord is entitled to judgment from Tenant, a jury shall then be empaneled to hear and decide Landlord's case against Guarantors. Cf. *Johnson v. South Carolina National Bank*, 292 S.C. 51, 354 S.E. (2d) 895 (1987).

Reversed in part; affirmed in part; and remanded.

FINNEY, TOAL and MOORE, JJ., concur.

HARWELL, C.J., dissenting in separate opinion.

HARWELL, Chief Justice:

I respectfully dissent. In my opinion, the guarantors are bound by the waiver of trial by jury provision contained in the lease.

The guarantee provides that: "This Guarantee is attached to and made a part of the Lease, and Guarantor acknowledges that it has received a copy thereof." In my opinion, this language indicates that the lease and guarantee should be read as one instrument thereby binding the guarantors to the waiver of trial by jury provision. *See McGee v. F.W. Poe Mfg. Co.*, 176 S.C. 288, 180 S.E. 48 (1935) (language of guaranty must be interpreted according to the intent of the parties and in light of the circumstances for which it was executed); *see also Peoples Fed. Savings and Loan Ass'n v. Myrtle Beach Retirement Group, Inc.*, 300 S.C. 277, 387 S.E. (2d) 672 (1989) (intention of parties as expressed in guaranty should guide the court); *Davenport v. Stratton*, 24 Cal. (2d) 232, 149 P. (2d) 4 (1944) (lease and guaranty construed as one instrument where guaranty referenced lease and was given in consideration of lease); 38 C.J.S. *Guaranty* § 38 (1943) (writing referred to in contract of guaranty becomes part of guaranty).

Here, the facts and circumstances of the case demonstrate that the guarantors intended to be bound by the terms of the lease. As I noted above, the guarantee specifically incorporates the lease by reference. In addition, the guarantee provides that the guarantors "guarantee the payment of all Rent . . . and the prompt performance by Tenant of *all other terms and conditions of the Lease.*" (Emphasis added.) Finally, the guarantors are the officers and sole shareholders of the tenant corporation. The guarantors were represented by counsel who reviewed and negotiated the lease and guarantee. Based on these facts, I would hold that the guarantors are bound by the waiver of trial by jury provision.