## 1858

SCN MORTGAGE CORPORATION, Plaintiff v. Lewis C. WHITE, Sr., John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants. SCN MORTGAGE CORPORATION, Plaintiff v. John E. BLACK-WELL, John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants. SCN MORTGAGE CORPORATION, Plaintiff v. Porter O. KINARD, John R. Hart, and Summer Square, a General partnership, and United States of America through its agent, Internal Revenue Service, Defendants. SCN MORTGAGE CORPORATION, Plaintiff v. Eugene C. GARVIN, Jr., John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants. SCN MORTGAGE CORPORATION, Plaintiff v. Lonnie A. GARVIN, Sr., John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants, OF WHOM Defendants Lewis C. White, Sr., John E. Blackwell, Porter O. Kinard, Eugene C. Garvin, Jr., and Lonnie A. Garvin are Appellants, and SCN Mortgage Corporation is Respondent.

(420 S.E. (2d) 514)

Court of Appeals

*Morris A. Ellison* and *Robert A. Kerr, Jr.,* of *Buist, Moore, Smythe & McGee, Robertson H. Wendt, Jr.,* of *Hollings & Nettles,* and *Barry I. Baker,* of *Baker & Miller,* Charleston, *for appellants.*

*Edmund H. Monteith,* of *Monteith & Monteith,* Columbia, *for respondent.*

*Benjamin Goldberg* and *E. Bart Daniel,* Charleston, and *Richard J. Paul,* Mt. Pleasant, *for defendants.*

Heard April 6, 1992.

Decided July 20, 1992.

GARDNER, Judge:

SCN Mortgage Corporation instituted ten separate mortgage foreclosure actions against the above-named defendants. The cases were referred to the Master to take the testimony and report his conclusions of law and fact. In each case, the Master did take the testimony and filed a report recommending judgment against the named defendants, foreclosure of the mortgaged property, and deficiency judgment in the event of a deficiency after sale. Appeals were taken from each report. The appealed order consolidated the appeals since identical issues were raised and confirmed the Master's report in every respect. We affirm in part, reverse in part and remand for further proceedings consistent with this decision.

In an action in equity, tried first by the Master or a Special Referee and concurred in by the judge, the findings of fact will not be disturbed on appeal unless found to be without evidentiary support or against a clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E. (2d) 773 (1976).

We have reviewed the voluminous record and arguments made by attorneys for the parties. We find that Questions A, B, C, D, E, and F are manifestly without merit and affirm the appealed order with respect to these questions. We base our conclusion as to these questions on two basic principles. First, there is evidence of record to support the findings of fact made by the Master and confirmed by the trial judge. Second, the exceptions taken to the legal conclusions of the Master's report and the appealed order are manifestly without merit.

The appellants contend that the trial judge erred in holding that the notemakers had waived their rights to an appraisal. The notemakers contend that this holding

was premature and in violation of public policy because the holding was made before the notemakers had filed a petition for appraisal. In essence the notemakers' claim that the issue was not ripe for decision.

In pertinent part, each mortgage provides "the mortgagor waives the benefit of any appraisement laws for the State of South Carolina." S.C. Code Ann. § 29-3-680 (1991) provides in pertinent part that:

> In any real estate foreclosure proceeding a defendant against whom a personal judgment be taken or asked . . . may within 90 days after the sale of the mortgaged property apply . . . for an order of appraisal.

We quote from the case of *Anderson Brothers Bank v. Adams,* 305 S.C. 25, 406 S.E. (2d) 173 (1991).

> Guarantors contend that the waiver was ineffective, being "[a] statement hidden in small print at the end of a mortgage . . ." We agree. "Since necessity often drives debtors to make ruinous concessions when a loan is needed, [the Appraisal Statute] should be applied to protect them and prevent a waiver in advance." *Salter v. Ulrich,* 22 Cal. (2d) 263, 267, 138 P. (2d) 7, 9 (1943). *See also Mace v. Norwood,* 155 Kan. 302, 124 P. (2d) 497 (1942); *Elson Dev. Co. v. Arizona Sav. & Loan Ass'n,* 99 Ariz. 217, 407 P. (2d) 930 (1965).

Although *Anderson Brothers Bank* confines the above ruling to the guarantors of the note being sued upon, we think the logic of the rule set forth in *Anderson Brothers Bank* applies even more forcefully to the notemakers who became debtors upon signing the notes.

Accordingly, the appealed order is affirmed in part and reversed in part insofar as it holds that the notemakers of this case waived their right to an appraisal as provided by S.C. Code Ann. § 29-3-680.

Affirmed in part, reversed in part and remanded.

SANDERS, C.J., and SHAW, J., concur.