24002

SCN MORTGAGE CORPORATION, Petitioner v. Lewis C. WHITE, Sr., and John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants, of whom Lewis C. White, Sr. is Respondent. SCN MORTGAGE CORPORATION, Petitioner v. John E. BLACKWELL, John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants, of whom John E. Blackwell is Respondent. SCN MORTGAGE CORPORATION, Petitioner v. Porter O. KINARD, John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants, of whom Porter Kinard is Respondent. SCN MORTGAGE CORPORATION, Petitioner v. Eugene C. GARVIN, Jr., John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants, of whom Eugene C. Garvin, Jr. is Respondent. SCN MORTGAGE CORPORATION, Petitioner v. Lonnie A. GARVIN, Sr., John R. Hart, and Summer Square, a General Partnership, and United States of America through its agent, Internal Revenue Service, Defendants, of whom Lonnie A. Garvin, Sr. is Respondent.

(440 S.E. (2d) 868)

Supreme Court

*Edmund H. Monteith, Monteith and Monteith*, and *Deborah R.J. Shupe, Berry Dunbar, Daniel, O'Connor & Jordan*, Columbia, *for petitioner*.

*Morris A. Ellison* and *Robert A. Kerr, Jr., Buist, Moore, Smythe & McGee, P.A.*, Charleston, *for respondent John E. Blackwell*.

*Barry I. Baker, Baker & Miller,* Charleston, *for respondents Lonnie A. Garvin, Sr.* and *Lewis C. White, Sr.*

*Robertson H. Wendt, Jr.,* Charleston, *for respondents Porter O. Kinard* and *Eugene C. Garvin, Jr.*

*Benjamin E. Goldberg* and *J. Pete Strom,* Charleston, and *Richard J. Paul,* Mt. Pleasant, *for defendants.*

*Robert E. Stepp* and *Elizabeth Howard Simmons, Glenn, Irvin, Murphy, Gray & Stepp,* Columbia, *for SC League of Sav. Institutions, Mortg. Bankers Ass'n, Independent Bankers of SC,* and *SC Bankers ass'n as amici curiae.*

Heard Dec. 8, 1993.

Decided Jan. 24, 1994.

MOORE, Justice:

Petitioner (SCN) commenced these foreclosure actions against respondents (Debtors) and sought deficiency judgments. Each mortgage contained a waiver of appraisal rights. The master recommended foreclosure and a deficiency judgment in each action and found Debtors had waived their appraisal rights. The circuit court affirmed. The Court of Appeals reversed in part, holding Debtors' waivers of appraisement were invalid. *SCN v. White,* — S.C. —, 420 S.E. (2d) 514 (Ct. App. 1992). We agree and affirm.

## ISSUE
Is a contractual waiver of appraisal rights valid?

## DISCUSSION
S.C. Code Ann. § 29-3-680 (1991) provides:

> In any real estate foreclosure proceeding a defendant against whom a personal judgment be taken or asked, whether he has theretofore appeared in the action or not, may within thirty days after the sale of the mortgaged property apply by verified petition to the clerk of court in which the decree or order of sale was taken for an order of appraisal.

Under S.C. Code Ann. § 29-3-740 (1991), the amount of the de-

ficiency judgment is then reduced to give the debtor the benefit of the appraised amount.

Debtors argued below their rights under these statutes cannot be waived by agreement because such a waiver is against public policy. Relying on *Anderson Brothers Bank v. Adams*, 305 S.C. 25, 406 S.E. (2d) 173 (1991), the Court of Appeals agreed and held the waivers invalid.

In *Anderson Brothers*, we held the debtors' contractual waiver of appraisement was invalid as to their guarantors. We relied upon cases from other jurisdictions that hold the contractual waiver of a mortgage debtor's statutory rights is against public policy. *See also Dennis v. Moses*, 18 Wash. 537, 52 P. 333 (1898) (contractual waiver of appraisement void as against public policy). We noted: "since necessity often drives debtors to make ruinous concessions when a loan is needed, [the Appraisal Statute] should be applied to protect them and prevent a waiver in advance." 305 S.C. at 28, 406 S.E. (2d) at 175.

We now join those jurisdictions that give effect to a debtor's statutory rights and hold the contractual waiver of appraisal rights invalid as against public policy. We hereby overrule *Tri-South Mortgage Investors v. Fountain*, 266 S.C. 141, 221 S.E. (2d) 861 (1976), to the extent it is inconsistent herewith.

Affirmed.

CHANDLER, A.C.J., FINNEY and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.