24137

STANDARD FEDERAL SAVINGS BANK, Plaintiff v. H & W BUILDERS, a partnership, Ruth M. Norman as Trustee of the T.H. Maxwell, Jr. Trust, Joel D. Harrison, Luween S. Harrison, L & W Wholesale, Inc., Larry C. Redd, Allen P. Fortner, and The United States of America, Defendants. RUTH M. NORMAN as Trustee of the T.H. Maxwell, Jr. Trust, Cross-Plaintiff v. H & W BUILDERS, a Partnership, L & W Wholesale, Inc., Larry C. Redd and Allen P. Fortner, Cross-Defendants. Larry C. REDD, L & W Wholesale, Inc., and H & W Builders, a Partnership, Third-Party Plaintiffs v. Allen P. FORTNER, Third-Party Defendant, of whom Larry C. Redd, L & W Wholesale, Inc., and Allen P. Fortner are Appellants, and Ruth N. Norman as Trustee of the T.H. Maxwell, Jr. Trust is Respondent.

(448 S.E. (2d) 558)

Supreme Court

*C. Rauch Wise*, of *Wise & Tunstall*, Greenwood, *for appellants*.

*Watson L. Dorn*, of *Callison, Dorn, Thomason & Mc-Cravey*, Greenwood, *for respondent*.

Heard June 10, 1994.

Decided Aug. 15, 1994; Reh. Den. Sept. 20, 1994.

FINNEY, Acting Chief Justice:

Appellants appeal the special referee's ruling that appellants lacked standing to invoke the appraisal statute in this foreclosure action. We reverse.

## FACTS

Standard Federal Savings Bank brought a foreclosure action against H & W Builders, Ruth Norman as Trustee of the T.H. Maxwell, Jr. Trust (Norman), Joel Harrison, Luween Harrison, L & W Wholesale, Inc., (L & W), Larry Redd, Allen Fortner and the United States of America. Standard Federal held a first mortgage and Norman held a second mortgage on

the same property.[1] Norman filed a cross-complaint against H & W Builders, L & W, Larry Redd and Allen Fortner.[2]

Standard Federal purchased the property at the foreclosure sale. However, the proceeds covered only the first mortgage to Standard Federal. Norman sought and obtained a deficiency judgment against appellants. The appellants petitioned the trial court for an appraisal pursuant to S.C. Code Ann. § 29-3-680 (1991). The special referee denied and dismissed the petition for appraisal pursuant to Norman's motion to dismiss. This appeal follows.

## ANALYSIS

The special referee ruled that the appellants were not mortgagors and therefore could not avail themselves of the appraisal statute. The special referee decided that the cross-complaint brought by Norman was not a foreclosure proceeding against appellants within the meaning of § 29-3-680. Instead, the special referee considered the matter to be an independent action for personal judgments against appellants based upon their agreements to assume the mortgage. As a result, the court interpreted Norman's pleading to indicate she was foreclosing her mortgage to preserve the subordination limitation in Standard Federal's foreclosure action.[3] The special referee also found that Norman sought to foreclose only appellants' note and not the associated mortgage. We disagree.

The appraisal statute provides that "[i]n any real estate foreclosure proceeding a defendant against whom a personal judgment be taken or asked . . . may within thirty days after the sale of the mortgaged property apply . . . for an order of appraisal." Section 29-3-680. A person

---

[1] Initially, the Maxwell Trust made a purchase money loan of $90,000 to H & W builders to buy the land. At H & W's request, Maxwell Trust subordinated its mortgage to Standard Federal's $630,000 mortgage on the improved property. At the time of foreclosure, the H & W partnership had been dissolved.

[2] Through a series of transactions, L & W, Larry Redd and Allen Fortner purchased the property and assumed the mortgages to Standard Federal and Norman.

[3] Norman subordinated her second mortgage only to the extent the loan with Standard Federal would not exceed the appraised value of the improvements constructed on the property. Standard Federal effectively held a third lien on the balance due above the value of the building and Norman's mortgage.

who is personally liable for the debt remaining after the sale of real property in a mortgage foreclosure action may petition the circuit court for an appraisal. *South Carolina National Bank v. Central Carolina Livestock Market, Inc.*, 289 S.C. 309, 345 S.E. (2d) 485 (1986).

Based on the literal language of the statute and Norman's Answer and Cross-claim, we conclude appellants were defendants in the foreclosure proceeding and entitled to application of the appraisal statute.[4] Clearly, Norman sought to foreclose the mortgage and note against appellants. Further, it is undisputed that appellants remained personally liable for the debt after the foreclosure sale.

The trial judge incorrectly found that the appraisal statute does not apply because appellants are not mortgagors. In *Anderson Brothers Bank v. Adams*, 305 S.C. 25, 406 S.E. (2d) 173 (1991), guarantors for the deficiency remaining after sale of the mortgaged property sought application of the appraisal statute, § 29-3-680. We found that under "the plain and unambiguous terms of the statute, [guarantors] were entitled to its benefit." *Id.* Whether a party is a defendant in a real estate foreclosure proceeding is the determining factor when applying the appraisal statute. The trial judge incorrectly concluded that whether appellants were mortgagors was the crucial factor.

Accordingly, we reverse the trial judge's decision for the above reasons.

Reversed.

MOORE, J., and C. TOLBERT GOOLSBY, BRUCE LITTLEJOHN and M.D. SHULER, Acting Associate Justices, concur.

---

[4] Norman pled the following in her Answer and Cross-claim:

19. That [appellants] have failed to make any payments of principal or interest on their said indebtedness to Defendant Norman and are in default . . . Norman is entitled to the foreclosure of her said Mortgage. . . .

21. (c) For a judgment of foreclosure for the amount so found to be due and owing to Defendant Norman. . . .

21. (e) For a judgment against such Defendants as the Court finds indebted to Defendant Norman for the full amount found to be due Defendant Norman on her said Note *and* Mortgage indebtedness, with the right to enter personal judgment against said Defendants for any deficiency remaining after sale of the subject premises.

(Emphasis added.)