24291

John Charles BROOME and Carol Broome, Appellants v.
Traci Elizabeth WATTS, Respondent.

(461 S.E. (2d) 46)

Supreme Court

*John C. Broome* and *Carol Broome,* of *Broome & Broome,* Columbia, *for appellants.*

*Robert W. Buffington,* of *Sinkler & Boyd, P.A.,* Columbia, *for respondent.*

Heard May 3, 1995.

Decided Aug. 7, 1995; Reh. Den. Sept. 6, 1995.

BURNETT, Justice:

This appeal arises from an automobile wreck case. Appellants appeal the denial of their motion for a new trial, arguing that the trial judge erred in granting a jury trial to Respondent. They also appeal the judge's granting to Respondent a setoff against the jury's verdict. We affirm.

## FACTS

As a result of an automobile accident with Traci Watts, John Broome sued Watts for personal injury, and his wife, Carol Broome, sued Watts for loss of consortium. Watts was insured by Nationwide Mutual Insurance Company (Nationwide) under a policy providing liability limits of $50,000/$100,000. The Broomes had underinsured motorist (UIM) coverage with United Services Automobile Association (USAA). The Broomes served USAA with the complaints as required by S.C. Code Ann. § 38-77-160 (Supp. 1994).

USAA filed notices of appearance in both cases, "reserving any and all rights and objections and defenses." USAA also filed motions for intervention. Subsequently, the Broomes, Nationwide, and Watts entered into a settlement agreement in which Nationwide agreed to pay its $50,000 liability limits to the Broomes.

In the agreement, Watts waived her right to a jury trial. The Broomes agreed not to execute against Watts or Nation-

wide any judgment obtained against Watts, but the Broomes would proceed with the action to determine their damages for purposes of ascertaining UIM coverage. USAA was not a party to this agreement.

After Nationwide paid its $50,000 liability limits to the Broomes, USAA assumed the defense of the action as permitted by § 36-77-160 and filed answers in which it made a proper demand for a jury trial. Despite the Broomes' objections, the trial judge ordered a jury trial.

The jury awarded Mr. Broome $90,000 and Mrs. Broome $500 (this award was increased by additur to $7,500). Against this $97,500 verdict, the judge granted USAA a setoff for the $50,000 liability policy limits paid by Nationwide.

## ISSUES

I. Is USAA bound by a settlement agreement between Watts and the Broomes in which Watts waived her right to a jury trial?

II. Did the trial judge err in setting off the liability policy payout against the verdict?

## DISCUSSION

### I. *Jury Trial*

The Broomes argue that the settlement agreement between them, Watts, and Nationwide bound USAA to a non-jury forum. Under the Broomes' rationale, Watts is the named defendant and a waiver by the named defendant binds the UIM carrier even though the carrier was not a party to the settlement agreement. We disagree.

Section 38-77-160 provides that the UIM carrier

> has the right to appear and defend *in the name of the underinsured motorist* in any action which may affect its liability. . . . In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, *the underinsured motorist insurer may assume control of the defense of action for its own benefit.*

(Emphasis added.)

In *Williams v. Selective Ins. Co.*, 315 S.C. 532, 534, 446 S.E. (2d) 402, 404 (1994), we held that

> the intent of § 38-77-160 is to protect an insurance carrier's right to contest its liability for underinsured benefits. An insured must therefore preserve the right of action against an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of underinsured motorist benefits. In the event the insured chooses to settle with the at-fault party's liability carrier, the underinsured carrier has the option to assume control of the defense of the action as provided in § 38-77-160.

*Williams* further held that the purpose of § 38-77-160 is to avoid the result of a total waiver of the UIM carrier's right to defend. *Id.*

The right to defend includes the right to a jury trial. "Trial by jury is a substantial right and any waiver thereof must be strictly construed." *North Charleston Joint Venture v. Kitchens of Island Fudge Shoppe, Inc.*, 307 S.C. 533, 535, 416 S.E. (2d) 637, 638 (1992). *North Charleston* involved a lease in which the landlord and tenant waived their right to a jury trial. Because the tenant's guarantors were not parties to the lease and were not named in the waiver clause, they were not bound by the tenant's waiver. *Id.*

We reject the Broomes' argument that a waiver by Watts is tantamount to a waiver by USAA, because it blurs the distinction between the named defendant (Watts) and the actual defendant (USAA) which must pay damages on behalf of the named defendant in the event of liability. Section 38-77-160 does not permit such a result.[1] Instead, it allows the UIM carrier to defend "in the name of the underinsured motorist." Although the UIM carrier "steps into the shoes" of the underinsured motorist, it has rights separate and distinct from those of the underinsured motorist. Watts could not give up a right

---

[1] The South Carolina Department of Insurance has addressed this issue by stating that § 38-77-160 does not "sanction collusive settlements or to otherwise circumvent the underinsured motorist insurer's right or opportunity to appear and to defend." S.C. Dept. Ins. Bulletin No. 4-89 (1989).

to a jury trial which was properly possessed by USAA.[2] Therefore, USAA's right to a jury trial was not abrogated by the settlement agreement.

## II. *Setoff*

The Broomes next argue that the setoff of Nationwide's liability payout against the verdict was improperly granted.[3] We disagree. The very definition of UIM insurance mandates a setoff.

The statutory purpose of underinsured motorist coverage is "to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist. . . ." Section 38-77-160.

In *Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 154, 311 S.E. (2d) 723, 726 (1984), we held that

> underinsured motorist coverage is optional coverage provided by an insurance carrier in the event damages are sustained by the insured in excess of the at fault driver's liability coverage, recovery therefrom being additional to any recovery from the at fault motorist, *total recovery not to exceed the damages sustained.*

(Emphasis added.)

The jury determined that the Broomes suffered damages of $97,500 (including the additur). Nationwide paid its limits of $50,000. USAA, as the UIM carrier, is liable only for $47,500— the excess of the damages sustained over the liability limits payout. The setoff was therefore proper.

---

[2] As a practical matter, once Watts was released as a defendant, she no longer had a genuine stake in the outcome as did USAA. Because the Broomes had agreed not to execute any judgment obtained against her, Watts risked little by agreeing to any terms the Broomes chose to insert. (In addition to the jury trial waiver, Watts also purportedly waived venue in her home county of Lexington.)

[3] The settlement agreement stated that the amount paid under the liability policy would operate as a setoff against any judgment obtained by the Broomes. The Broomes argue that it is unfair and inequitable for USAA to rely on this part of the agreement while attacking it as to the purported jury trial waiver. Because the setoff in this case was statutorily mandated, however, we need not look to the settlement agreement to determine whether setoff was proper.

The Broomes contend that because setoff was not pled as an affirmative defense under Rule 8(c), SCRCP, it was improperly granted. This argument is without merit. First, Rule 8(c) does not list setoff as an affirmative defense which must be pled in order to be pursued at trial. Second, the setoff which was granted in this case does not fall within the 8(c) catchall of "any other matter constituting an avoidance or affirmative defense." Setoff was statutorily mandated, was not a matter properly triable to the jury, and therefore was not a matter constituting an affirmative defense which USAA was under a duty to plead and prove. *See Powers v. Temple*, 250 S.C. 149, 156 S.E. (2d) 759 (1967).[4]

Accordingly, the judgment below is

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[4]The Broomes also argue that because the settlement agreement did not provide for allocation of the damages award as between Mr. and Mrs. Broome, the setoff was improper. This is also without merit. The lack of any allocation in the settlement agreement cannot be used to recover more than § 36-77-160 permits.