528 S.E.2d 679

Ex Parte ALLSTATE INSURANCE COMPANY, Respondent.

**Henry Donaldson, Appellant,**

v.

**Jason C. Tixier, Defendant.**

No. 3121.

Court of Appeals of South Carolina.

Submitted Jan. 11, 2000.
Decided Feb. 22, 2000.
Rehearing Denied May 6, 2000.

James H. Moss, of Moss & Kuhn, of Beaufort, for appellant.

John S. Wilkerson, III, and William C. Barnes, Jr., both of Turner, Padget, Graham & Laney, of Florence, for respondent.

GOOLSBY, Justice:

Henry Donaldson appeals the denial of an order requiring Allstate Insurance Company to pay the full limits of a policy for underinsured motorist (UIM) benefits. We affirm.[1]

Donaldson brought this action on January 25, 1995, against Jason Tixier to recover for injuries in an automobile accident allegedly resulting from Tixier's negligence. Before the trial, Tixier offered only an amount well below his liability coverage limit of $15,000.

On March 7, 1997, a jury heard the case on both the issues of liability and damages and awarded Donaldson $36,447. The trial court added $250 to this verdict for the deductible provision, for a total verdict of $36,697. The trial court entered judgment in this amount on June 4, 1997, and denied Tixier's post-trial motions October 3, 1997. Tixier did not appeal the judgment.

At the time of the collision, Donaldson had a contract for UIM motorist coverage with a policy limit of $15,000 with Allstate Insurance Company. On June 30, 1997, while Tixier's post-trial motions were pending, Donaldson's counsel served Allstate with a copy of the summons and complaint in this action through the South Carolina Department of Insurance.

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

Pursuant to statute, counsel for Allstate filed a notice of appearance on July 29, 1997.[2]

In the notice of appearance, counsel for Allstate denied the material allegations of Donaldson's complaint against Tixier and demanded a jury trial. Counsel further averred he was not currently representing Tixier, but reserved the right to assume control of the defense in Tixier's name "pursuant to the UIM motorist statute should the carrier choose to exercise that option." Counsel further asserted as an affirmative defense that Allstate was not notified of the suit against Tixier before the trial and was therefore denied statutory procedural protections.

On September 24, 1997, Donaldson moved for summary judgment, seeking an order requiring Allstate to pay its limits under the UIM provisions. Both Donaldson and Allstate submitted memoranda supporting their respective positions. The trial court heard the motion on May 12, 1998, over the telephone.

On May 31, 1998, the trial court signed an order denying Donaldson's summary judgment motion. In denying summary judgment, the trial court in effect decided the case on the merits, holding Donaldson's motion was procedurally misplaced and, further, Donaldson could not recover UIM benefits because he had failed to provide timely notice to Allstate of his action against Tixier.

## I.

■ Donaldson argues he still has the right to claim benefits under UIM provision of his insurance policy even though he failed to serve Allstate with the pleadings in his lawsuit against Tixier until after the trial. He contends he is entitled to this relief because: (1) Allstate was served with the pleadings in the action while Tixier's post-trial motions were still pending; (2) both liability and damages had been fully litigated before a jury, with Tixier being represented by counsel for his liability carrier pursuant to the carrier's right and duty to

2. *See* S.C.Code Ann. § 38–77–160 (Supp.1998) ("The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear.").

defend its insured; and (3) Allstate did not have the right to participate in Tixier's defense until Tixier's liability carrier tendered the policy limits of its coverage. We reject these arguments.

■ Section 38–77–160 of the South Carolina Code, which governs the liability of UIM carriers, provides in part as follows:

> No action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision. The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability and has thirty days after service of proces on it in which to appear. . . . In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit.[3]

The requirement of service in the above-quoted statute is absolute. Donaldson argues that, even though he did not serve Allstate with the pleadings in his action against Tixier until after the trial in that case, he should still recover UIM benefits because the statute does not specify when the insurer must be served. We disagree. The intent of the statute is that UIM carriers receive notice of actions in which they may be liable for UIM benefits so that they can protect their interests.[4] To allow service on a UIM carrier after that action has been tried would defeat the purpose of granting the UIM carrier the right to "appear and defend."

We also agree with Allstate that, even if it had the right to participate in post-trial motions or appeal the judgment against Tixier, these rights would have been a far cry from the right to protect itself during the early stages of the lawsuit. As a practical matter, if, as in the present case, the plaintiff

---

3. S.C.Code Ann. § 38–77–160 (Supp.1998).

4. *See Williams v. Selective Ins. Co.,* 315 S.C. 532, 534, 446 S.E.2d 402, 404 (1994) ("[T]he intent of § 38–77–160 is to protect an insurance carrier's right to contest its liability for underinsured benefits.").

prevails at trial, the burden of persuasion then shifts to the defendant on appeal, and only special circumstances would warrant a reversal of the jury's verdict. Furthermore, even assuming, as Donaldson argues, the litigation was full and fair and Tixier was competently represented by counsel, Allstate was most likely excluded from pre-trial activities and settlement negotiations and thus never had the opportunity to reduce its liability exposure.

■ We further hold Donaldson has misinterpreted Section 38–77–160 with regard to Allstate's right to participate in Tixier's defense. Although the statute specifically allows the UIM carrier to "assume control of the defense of [the] action for its own benefit" [5] only when the liability carrier for the underinsured defendant "chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured," [6] the UIM carrier always has the right to "appear and defend in the name of the underinsured in any action which may affect its liability," [7] notwithstanding the fact that it may not have the right to "control" the defense.[8]

## II.

■ We find no merit to Donaldson's assertion that the trial court should have granted his summary judgment motion based on the doctrine of offensive collateral estoppel.

Only a party to a prior action or one in privity with a party to a prior action can be precluded from relitigating an issue.[9]

---

5. S.C.Code Ann. § 38–77–160 (Supp.1998).

6. *Id.*

7. *Id.*

8. *Cf. Cobb v. Benjamin*, 325 S.C. 573, 482 S.E.2d 589 (Ct.App.1997) (stating the language giving the UIM carrier the right to assume control of the defense for its own benefit is consistent with the recognition that the liability carrier who has paid its policy limits no longer has the same stake in the outcome, even though liability carrier remains contractually obligated to defend its insured).

9. *Wade v. Berkeley County*, 330 S.C. 311, 498 S.E.2d 684 (Ct.App.1998); *Roberts v. Recovery Bureau, Inc.*, 316 S.C. 492, 450 S.E.2d 616 (Ct.App. 1994).

Although Allstate filed a notice of appearance pursuant to Section 38–77–160 after receiving copies of the pleadings in Donaldson's lawsuit against Tixier, the purpose of this notice was not to intervene as a party in its own right but to reserve the option to assume control of the defense in Tixier's name should the circumstances so warrant.[10] Moreover, "[t]he term "privy," when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right." [11] Allstate, as Donaldson's UIM carrier, had "rights separate and distinct from those of [Tixier]," [12] not the least of which was its own independent right to a jury trial.[13] Not only, then, was Allstate never a party to the suit, it was not in privity with either Tixier or Tixier's liability carrier.[14]

**AFFIRMED.**

CONNOR and HOWARD, JJ., concur.

---

10. *Cf.* S.C.Code Ann. § 38–77–160 (Supp.1998) ("The evidence of service upon the insurer may not be made a part of the record.").

11. *Roberts,* 316 S.C. at 496, 450 S.E.2d at 619.

12. *Broome v. Watts,* 319 S.C. 337, 340, 461 S.E.2d 46, 48 (1995).

13. *Id.* at 340, 461 S.E.2d at 48.

14. Because we hold the trial court correctly decided the merits of Donaldson's claim for UIM coverage, we do not address the issues Donaldson raises on appeal concerning the trial court's determination that his summary judgment motion was procedurally misplaced.