**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Taylor, Appellant,

v.

Thomas Davis and State Farm Mutual Automobile Insurance Company, Respondents.

Appellate Case No. 2012-212896

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-287
Submitted May 1, 2015 – Filed June 17, 2015

———————

**AFFIRMED**

———————

Charles Taylor, of Sumter, pro se.

James B. Lybrand, Jr., of McDonald, McKenzie, Rubin, Miller & Lybrand, LLP, of Columbia, for Respondent State Farm.

Thomas Davis, of Manning, pro se.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Moore v. N. Am. Van Lines*, 319 S.C. 446, 448, 462 S.E.2d 275, 276 (1995) (providing that when an appellate court remits a case to the trial court, the trial court regains jurisdiction); S.C. Code Ann. § 38-77-160 (2015) (providing an underinsured motorist (UIM) carrier "has the right to appear and defend in the name of the [UIM] in any action which may affect its liability"); *id.* ("In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the [UIM] insurer may assume control of the defense of action for its own benefit. No [UIM] policy may contain a clause requiring the insurer's consent to settlement with the at-fault party."); *Williams v. Selective Ins. Co. of the Se.*, 315 S.C. 532, 534, 446 S.E.2d 402, 404 (1994) (stating the intent of section 38-77-160 is to protect the UIM carrier's right to contest its liability for underinsured benefits); *Crawford v. Henderson*, 356 S.C. 389, 398, 589 S.E.2d 204, 209 (Ct. App. 2003) ("[O]nce the named defendant has settled for his liability policy limits, he no longer has a stake in the outcome of the litigation. The UIM carrier, on the other hand, still has a viable, financial interest in the case. As a result, the attorney for the UIM carrier represents the carrier and not the named defendant. Even though the UIM carrier 'steps into the shoes' of the named defendant, the procedure is not in totality but merely to the point of coverage. Thus, there is no direct relationship between the UIM carrier's attorney and the named defendant."); *Broome v. Watts*, 319 S.C. 337, 340 n.1, 461 S.E.2d 46, 48 n.1 (1995) (noting "[t]he South Carolina Department of Insurance has . . . stat[ed] that [section] 38-77-160 does not sanction collusive settlements or . . . otherwise circumvent the [UIM] insurer's right or opportunity to appear and to defend" (internal quotation marks omitted)).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.