**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Leonard R. Jordan, Jr., as Personal Representative of the Estate of Lil B. Jordan, Appellant,

v.

Marian J. Kirk and Lucy J. Fuller, Respondents.

Appellate Case No. 2020-001257

---

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-182
Submitted March 1, 2023 – Filed May 17, 2023

---

**AFFIRMED IN PART AND REMANDED**

---

Steven R. Anderson, of Law Office of Steven R. Anderson, of Columbia, for Appellant.

Stephen M. Cox, of Robinson Bradshaw & Hinson, PA, of Rock Hill, for Respondents.

---

**PER CURIAM:** Leonard R. Jordan, Jr., in his capacity as personal representative (PR) of the estate of Lil B. Jordan (Estate), appeals an order of the circuit court

finding Marian J. Kirk and Lucy J. Fuller (collectively, Sisters)[1] liable for actual damages resulting from their conversion of Estate funds in a Bank of America bank account and from a Banker's Life check, denying a third claim regarding a Wells Fargo bank account, and declining to award punitive damages on any claim. On appeal, Jordan argues the circuit court erred by (1) altering a partial summary judgment order as to the Bank of America and Banker's Life claims by ordering the judgment be setoff, thereby preventing the Estate from recovering the full judgment debt; (2) miscalculating the total judgment amount; and (3) denying punitive damages.[2] We affirm as to Issues 1 and 3, but remand for the circuit court to correct the total judgment to reflect the full amount of prejudgment and postjudgment interest to which the Estate is entitled.

1. We hold the circuit court did not err by altering the previously entered partial summary judgment order and requiring Sisters to repay only one-third of the total judgment debt because the partial summary judgment order was not certified as final. *See Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 307, 698 S.E.2d 773, 777 (2010) (explaining that in actions at law tried without a jury, "this [c]ourt's scope of review is limited to determining whether the findings are supported by competent evidence and correcting errors of law"); Rule 54(b), SCRCP (stating that, unless certified as final, a partial summary judgment order "is subject to revision at any time before the entry of judgment adjudicating all the claims"); *Shirley's Iron Works v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("The doctrine of the law of the case applies to an order or ruling which *finally* determines a substantial right." (emphasis added) (quoting *Weil v. Weil*, 299 S.C. 84, 89, 382 S.E.2d 471, 473 (Ct. App. 1989))); *Broome v. Watts*, 319 S.C. 337, 342, 461 S.E.2d 46, 49 (1995) ("Rule 8(c) does not list set-off as an affirmative defense which must be pled in order to be pursued at trial."); *Huck v. Oakland Wings, LLC*, 422 S.C. 430, 438, 813 S.E.2d 288, 292 (Ct. App. 2018) (explaining that "[t]here is no right to [a] setoff until there is a [judgment] against a defendant" at which time "it becomes the [circuit] court's function to determine whether the defendant is entitled to a setoff and the amount of the setoff, if any"). We further hold the circuit court's order was not in conflict with its oral ruling or internally inconsistent, and we affirm. *See Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E.2d 164, 166 (Ct. App. 1991) ("On appeal from an order in which a judge construes [her] own previously issued order . . . due deference and great weight

---

[1] Jordan, Kirk, and Fuller are siblings and co-beneficiaries of the Estate.
[2] Although Jordan sets forth six issues in his Statement of Issues on Appeal, he raises only three distinct allegations of error; we have therefore consolidated the issues relying on the same facts, arguments, and points of law for purposes of this opinion.

should be given to the opinion of the trial judge who had the advantage of knowing [her] own intent.").  Finally, we recognize Jordan's apprehension that this arrangement could leave the Estate without the ability to pay the costs and fees it incurred in this litigation.  However, we find the circuit court adequately accounted for this concern by ordering Sisters to remain liable for any such costs and fees—to be determined by the probate court—and Sisters acknowledged this responsibility in their appellate brief.

2.  We hold the circuit court incorrectly calculated the total judgment to which the Estate was entitled for its actual damages plus costs and pre- and postjudgment interest on the Bank of America and Banker's Life claims, and we remand that portion of the circuit court's order for recalculation of the correct amount.  *See Mathis*, 389 S.C. at 307, 698 S.E.2d at 777 ("In an action at law tried without a jury, the [circuit court]'s findings have the force and effect of a jury verdict upon the issues and are conclusive on appeal when supported by competent evidence."); *Boykin Contracting, Inc. v. Kirby*, 405 S.C. 631, 642, 748 S.E.2d 795, 800-01 (Ct. App. 2013) (explaining "[t]he law allows prejudgment interest . . . from the time when . . . by . . . operation of law, the payment is demandable and the sum is certain"); S.C. Code Ann. § 34-31-20(A) (2020) (fixing prejudgment interest at 8.75% per year); S.C. Code Ann. § 34-31-20(B) (2020) (explaining how the "legal rate of [postjudgment] interest" is determined); *In re Interest on Money Decrees & Judgments*, S.C. Sup. Ct. Order dated Jan. 4, 2019 (Shearouse Adv. Sh. No. 1) (setting post-judgment interest rate at 9.5% compounded annually for the period from January 15, 2019 through January 14, 2020); *In re Interest on Money Decrees & Judgments*, S.C. Sup. Ct. Order dated Jan. 6, 2020 (Shearouse Adv. Sh. No. 2) (setting postjudgment interest rate at 8.75% compounded annually for the period from January 15, 2020 through January 14, 2021).  Because we do not adopt Jordan's calculation of the total judgment amount, and we do not find for the Estate on any other claims, we hold it is not entitled to postjudgment interest during the pendency of this appeal.  *See Calhoun v. Calhoun*, 339 S.C. 96, 103, 529 S.E.2d 14, 18 (2000) ("[I]nterest does not accrue during the pendency of an appeal when the appeal is made by the judgment creditor on the basis of a claim of inadequacy and the appeal is *unsuccessful*.").

3.  We hold the circuit court did not abuse its discretion in declining to award punitive damages because it considered the purpose of punitive damages and analyzed the *Gamble*[3] factors in reaching its decision.  *See Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004)

---

[3] *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350 (1991).

(noting the circuit court "has considerable discretion regarding the amount of damages, both actual or punitive"); *id.* at 311, 594 S.E.2d at 873 ("[This court's] task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award."); *Longshore v. Saber Sec. Servs., Inc.*, 365 S.C. 554, 564, 619 S.E.2d 5, 11 (Ct. App. 2005) ("Punitive damages are quasi-criminal in nature and are imposed to punish a wrongdoer and to deter like conduct."); *id.* ("Furthermore, the plaintiff [seeking punitive damages] must prove the defendant's misconduct was willful, wanton, or in reckless disregard of his rights."); *Mellen v. Lane*, 377 S.C. 261, 292, 659 S.E.2d 236, 253 (Ct. App. 2008) (explaining that "[b]ecause punitive damages are not mandatory or obligatory and within the [circuit court]'s discretion, the denial of a punitive damages award [is] proper" even if defendant's conduct was willful); *Gamble*, 305 S.C. at 111-12, 406 S.E.2d at 354 (setting forth eight factors courts should consider in determining whether to award punitive damages).

**AFFIRMED IN PART AND REMANDED.**[4]

**KONDUROS and GEATHERS, JJ., and LOCKEMY, A.J., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.