22936

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner v. Candus RAMSEY, Candus Ramsey, Administratrix of the Estate of Deana M. Ramsey, Deceased, and Barbara B. Hellebrand, Respondents.

(374 S. E. (2d) 896)

Supreme Court

*H. Spencer King*, of *King, Cothran & Hray*, Spartanburg, *for petitioner.*

*Kenneth L. Holland* and *Wade S. Weatherford, III*, Gaffney, *for respondents.*

Submitted Nov. 14, 1988.

Decided Dec. 12, 1988.

*Per Curiam:*

Petitioner seeks a writ of certiorari to review the decision of the Court of Appeals in *State Farm Mutual Auto. Ins. Company v. Ramsey*, 295 S. C. 349, 368 S. E. (2d) 477 (Ct. App. 1988). We grant certiorari, dispense with further briefing and affirm.

Respondent Candus Ramsey (Ramsey) witnessed her daughter Deana M. Ramsey being struck and killed by an

automobile driven by respondent Barbara B. Hellebrand. Representatives of Ramsey subsequently negotiated settlements for $25,000 with petitioner State Farm Mutual Automobile Insurance Company (State Farm) and Hellebrand for wrongful death and survival actions relating to Deana's death, exhausting the coverage for a single injury under the policy. The future determination of Ramsey's right to recover for negligent infliction of emotional distress was specifically reserved.

State Farm then instituted this declaratory judgment action to determine whether Ramsey's claim was a separate bodily injury for which she was entitled to seek recovery under the insurance policy. The insurance policy is a standard policy which provides coverage of $25,000 for bodily injury to one person and, in the event of an accident involving bodily injury to two or more persons, the limit of liability is $50,000.

The Court of Appeals, relying in part on *Spaugh v. Atlantic Coast Line R. Co.*[1] and *Kinard v. Augusta Sash & Door*,[2] held that negligent infliction of emotional distress is a bodily injury for which damages may be recovered under a standard insurance policy. We agree with the reasoning of the Court of Appeals and, accordingly, affirm.

Affirmed.

---

[1] 158 S. C. 25, 155 S. E. 145 (1930).
[2] 286 S. C. 579, 336 S. E. (2d) 465 (1985).