496 S.E.2d 21

R. Michael CRARY and Carl M. Durham, Respondents,

v.

Seyed Rassool DJEBELLI and Southern National
Bank of South Carolina, Defendants,

of whom Seyed Rassool Djebelli is the Petitioner.

SOUTHERN NATIONAL BANK OF SOUTH
CAROLINA, Respondent,

v.

Seyed Rassool DJEBELLI, a/k/a S.R. Djebelli, R.
Michael Crary, Carl M. Durham and C & A
Mortgage Services, Defendants,

of whom Seyed Rassool Djebelli is, Petitioner.

No. 24757.

Supreme Court of South Carolina.

Heard Feb. 4, 1997.
Decided Jan. 26, 1998.
Rehearing Denied Mar. 5, 1998.

386

———

William G. Rhoden, of Winter & Rhoden, Gaffney, for petitioner Seyed Rassool Djebelli.

Steven B. Licata, of Husman, Licata & Steele, Columbia, for respondent Southern National Bank of South Carolina.

Michael N. Duncan, of Whiteside–Smith Law Firm, Spartanburg, for respondents R. Michael Crary and Carl M. Durham.

FINNEY, Chief Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at 321 S.C. 38, 467 S.E.2d 128 (Ct.App.1995). We reverse.

The master-in-equity awarded petitioner Seyed Rassool Djebelli judgment against Crary and Durham under the South Carolina Unfair Trade Practices Act (UTPA)[1] based on a finding that they engaged in an unfair and deceptive trade practice that affected the public interest because it had the potential for repetition. R. Michael Crary, Carl M. Durham, and C & A Mortgage Services appealed. The Court of Appeals reversed, finding that the evidence was insufficient to prove a potential for repetition. We granted a writ of certiorari to review the Court of Appeals' decision.

The Court of Appeals reversed the trial court's holding that the conduct of Respondents Crary and Durham was actionable under the UTPA. To be actionable under the UTPA, the unfair or deceptive act or practice must have an impact upon the public interest. *Haley Nursery Co., Inc. v. Forrest*, 298 S.C. 520, 381 S.E.2d 906 (1989). Unfair or deceptive acts or practices have an impact upon the public interest if the acts or practices have the potential for repetition. *Id.*

The Court of Appeals found the master did not point to any evidence in support of his finding that Crary and Durham's acts had the potential for repetition. Petitioner asserts Crary's testimony that he and Durham had had several opportunities to enter into transactions similar to the one here was sufficient to show a potential for repetition. The Court of Appeals found Crary's testimony alone was insufficient to show a potential for repetition without proof that respondents also engaged in unfair or deceptive acts when they had those

---

1. S.C.Code Ann. § 39–5–10, et seq. (1985).

388

opportunities in the past or that they were inclined to engage in unfair or deceptive acts or practices if given the opportunity in the future. Petitioner contends the Court of Appeals added another element of proof when they found that a plaintiff must allege and prove at least two separate torts to show an adverse impact on the public interest. We agree.

■ After alleging and proving facts demonstrating the potential for repetition of the defendant's actions, the plaintiff has proven an adverse effect on the public interest. *Daisy Outdoor Advertising v. Abbott,* 322 S.C. 489, 473 S.E.2d 47 (1996). The plaintiff need not allege or prove anything further in relation to the public interest requirement. We held in *Daisy* the Court of Appeals erred in requiring more. To the extent the Court of Appeals required more than a showing of potential for repetition here, that is error. *Daisy, supra.*

■ The potential for repetition may be shown in two ways: 1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence, or 2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts. *Daisy, supra.* We specifically declined in *Daisy* to hold that these are the only means for showing potential repetition and stated each case must be evaluated on its own merits.

■ In an action at law, on appeal of a case tried without a jury, our scope of review extends merely to the correction of errors of law; factual findings of the trial judge will not be disturbed on appeal unless a review of the record discloses that there is no evidence which reasonably supports the judge's findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E.2d 773 (1976). Since the master-in-equity found there was a potential for repetition of Crary and Durham's actions, the reviewing court's only task was to determine whether the record contained any evidence to support the trial judge's finding. Respondents, who remain in the same business, admit they have had the opportunity and have previously entered into similar conduct as complained of in this case. The trial judge's finding of potential for repetition is not wholly unsupported by the evidence. *See York v. Conway* (alleged acts or practices have the potential for repetition where defendant remains in the same business and

faced with opportunities to repeat the conduct).[2]  Accordingly, the Court of Appeals' opinion is

REVERSED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

---

2.  325 S.C. 170, 480 S.E.2d 726 (1997).