533 S.E.2d 597

**Anthony J. STEWART and Denise Stewart, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. 3178.

Court of Appeals of South Carolina.

Heard May 9, 2000.

Decided May 30, 2000.

Rehearing Denied Sept. 2, 2000.

144

146

Justin S. Kahn, of Kahn Law Firm, of Charleston; and Thomas K. Fowler, Jr., of Columbia, for Appellants.

C. Mitchell Brown and William C. Wood, Jr., both of Nelson, Mullins, Riley & Scarborough, of Columbia, for Respondent.

ANDERSON, Judge:

Anthony and Denise Stewart (Husband and Wife) appeal the order of the Circuit Court granting summary judgment in favor of State Farm Mutual Automobile Insurance Company. The court found Wife's alleged injuries were not compensable under a separate "per person" liability limit of the State Farm policy which provided coverage for Husband's injuries caused by State Farm's insured. We affirm.

### *FACTS/PROCEDURAL BACKGROUND*

The material facts of this case are not in dispute. Husband was involved in an automobile accident with Steven Middleton. Wife was not a witness to the accident and was not at the scene. At the time of the accident, Middleton had liability coverage with State Farm with limits for bodily injury of $25,000 per person and $50,000 per accident.

Husband and Wife brought this declaratory judgment action averring (1) Husband's injuries from the accident resulted in damages in excess of $25,000 and (2) Wife "suffered the loss of the society, companionship, services of her husband along with

personal injuries such as emotional distress, physical injury and illness, financial loss, among other losses and has separate and distinct losses apart from those of her husband also believed to be in excess of $25,000.00." The Stewarts declared the policy should be "interpreted and construed to provide coverage and benefits to both Plaintiffs and that both Plaintiffs are separate, injured persons with separate claims and are entitled to payment of Defendant's entire 'per incident' coverage for the 'bodily injury to two or more persons in any one accident.'" In her affidavit, Wife stated she suffered emotional and physical illness as a result of stress from her husband's accident and from caring for his injuries.

State Farm filed a motion for summary judgment as to the Stewarts' claim that Wife is entitled to separate "per person" coverage under the liability policy in an amount up to $25,000 for her injuries. State Farm contended the claim for damages allegedly suffered by Wife was covered by the single "per person" limit of coverage applicable to the claim of Husband, the full amount of which had been previously tendered to the Stewarts by State Farm. The Circuit Court granted State Farm's motion finding Wife's "injuries are simply consortium damages arising as a consequence of bodily injury to [Husband]," and are covered under the same single "per person" limit of coverage as the direct bodily injury damages of Husband.

### ISSUES

I. Did the Circuit Court err in finding Wife's damages are covered only under the same "per person" limit as the bodily injuries of Husband?

II. Did the trial court err in finding there was no coverage for Wife under the State Farm policy?

III. Does South Carolina law require that an automobile liability policy provide separate coverage for loss of consortium?

### STANDARD OF REVIEW

Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Quality Towing, Inc.*

*v. City of Myrtle Beach,* 340 S.C. 29, 530 S.E.2d 369 (2000); Rule 56(c), SCRCP. In determining whether any triable issue of fact exists, as will preclude summary judgment, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Quality Towing, supra.* If triable issues exist, those issues must go to the jury. *Young v. South Carolina Dep't of Corrections,* 333 S.C. 714, 511 S.E.2d 413 (Ct.App.1999).

■■■■ Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Carolina Alliance for Fair Employment v. South Carolina Dep't of Labor, Licensing and Regulation, et al.,* 337 S.C. 476, 523 S.E.2d 795 (Ct.App.1999). All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party. *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.,* 336 S.C. 53, 518 S.E.2d 301 (Ct.App.1999). Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Fleming v. Rose,* 338 S.C. 524, 526 S.E.2d 732 (Ct.App.2000).

■■■■ Although the court is required to view the facts in the light most favorable to the nonmoving party, a court cannot ignore facts unfavorable to that party and must determine whether a verdict for the party opposing the motion would be reasonably possible under the facts. *Bloom v. Ravoira,* 339 S.C. 417, 529 S.E.2d 710 (2000). Summary judgment is a drastic remedy which should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues. *Carolina Alliance, supra.* Nevertheless, in the rare case where a verdict is not reasonably possible under the facts presented, summary judgment is proper. *Bloom, supra.*

### *LAW/ANALYSIS*

### I. "PER PERSON" LIMIT IN POLICY

■■■■ The Stewarts argue the Circuit Court erred in finding Wife's damages are covered under the same "per person" limit as the bodily injuries of Husband. We disagree.

■ The Stewarts contend two separate policy provisions, when read together, create an ambiguity in the policy regarding the availability of separate "per person" coverage for Wife. The first provision provides that State Farm will:

1. pay damages which an insured becomes legally liable to pay because of:

 a. bodily injury to others.

The second provision relied on by the Stewarts defines "bodily injury" to mean "bodily injury to a person and sickness, disease or death which results from it." Reading the language from these two provisions together, the Stewarts argue the State Farm policy promises to:

1. Pay damages which an insured becomes legally liable to pay because of:

 a. bodily injury to a person and sickness, disease or death which results from it to others. ·

The Stewarts assert this reading creates an ambiguity in the policy which must be resolved in favor of coverage in accordance with *Forner v. Butler*, 319 S.C. 275, 460 S.E.2d 425 (Ct.App.1995), which holds where the words of an insurance policy are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. They propose that under this reading the policy provides separate "per person" coverage for those individuals who suffer consequential damages as a result of direct bodily injury to someone else. According to the Stewarts, "if *a* person suffers bodily injury as the result of an automobile accident *and* sickness, disease or death results from that bodily injury *to others,* State Farm will pay for the sickness or disease caused 'to others' as well." They claim Wife is a "to others" who suffered "sickness and/or disease as a result" of Husband's bodily injury.

■ Insurance policies are subject to general rules of contract construction. *B.L.G. Enterprises, Inc. v. First Financial Ins. Co.,* 334 S.C. 529, 514 S.E.2d 327 (1999). This Court must enforce, not write, contracts of insurance and we must give policy language its plain, ordinary, and popular meaning. *Fritz–Pontiac–Cadillac–Buick v. Goforth,* 312 S.C. 315, 440 S.E.2d 367 (1994). All of the policy provisions should

be considered, "and one may not, by pointing out a single sentence or clause, create an ambiguity." *Yarborough v. Phoenix Mut. Life Ins. Co.*, 266 S.C. 584, 592, 225 S.E.2d 344, 348 (1976). The meaning of a particular word or phrase is not determined by considering the word or phrase by itself, but by reading the policy as a whole and considering the context and subject matter of the insurance contract. *Id.*

 An insurer's obligation under a policy of insurance is defined by the terms of the policy itself, and cannot be enlarged by judicial construction. *MGC Management of Charleston, Inc. v. Kinghorn Ins. Agency*, 336 S.C. 542, 520 S.E.2d 820 (Ct.App.1999). Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer. *Diamond State Ins. Co. v. Homestead Indus., Inc.*, 318 S.C. 231, 456 S.E.2d 912 (1995). However, if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties. *Id. See also S.S. Newell & Co. v. American Mut. Liab. Ins. Co.*, 199 S.C. 325, 19 S.E.2d 463 (1942) (rule of strict construction against insurer does not apply where language used in policy is so plain and unambiguous as to leave no room for construction).

 The rule of strict construction does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. *S.S. Newell & Co., supra.* When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used. *B.L.G. Enterprises, supra.* The judicial function of a court of law is to enforce an insurance contract as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous. *S.S. Newell & Co., supra.* It is not the province of the courts to construe contracts broader than the parties have elected to make them or to award benefits where none was intended. *Id.*

By inserting *in toto* the definition of bodily injury into the policy phrase "bodily injury to others," the Stewarts are attempting an artificial construction of the policy. Yet, the policy must be read as a whole, and the court will not read the

clause in isolation. *See Hall v. Allstate Ins. Co.,* 284 S.C. 62, 324 S.E.2d 341 (Ct.App.1984) (in determining rights and obligations of parties to insurance contract, policy must be read and interpreted as a whole). When read as a whole, State Farm's policy unambiguously provides Wife's claim for consequential damages is covered under the single "per person" limit that covers Husband's bodily injury claim.

■ This construction of the policy is in keeping with the holdings of *Sheffield v. American Indem. Co.,* 245 S.C. 389, 140 S.E.2d 787 (1965), and *Russo v. Nationwide Mut. Ins. Co.,* 334 S.C. 455, 513 S.E.2d 127 (Ct.App.1999). The Court in *Sheffield* addressed the question whether, under an uninsured motorist endorsement which limits the liability of the insurer for bodily injury to $10,000 for each person and $20,000 for each accident, a husband, whose wife has already recovered $10,000 for her bodily injury claim, is entitled to recover further damages under such endorsement for loss of consortium and the expenses he has incurred in behalf of his wife. Initially, the Court noted the general rule that "[t]he consequential damages sustained by the [spouse] because of the injuries to [the other spouse] are 'personal injuries' and not 'bodily injuries.'" *Sheffield,* 245 S.C. at 394, 140 S.E.2d at 790. The Court explained:

> "Consequential damages, such as loss of consortium, medical and hospital expenses, etc., are generally held not to constitute 'bodily injuries' within the meaning of automobile liability policies limiting liability to a stated amount for 'bodily injuries' to one person.... Thus, it is generally held that where a wife has sustained injury by reason of the negligent operation of an insured's automobile and has been paid the full amount limited by an automobile liability policy in case of 'bodily injury' to one person, her husband, who has sustained no physical injury, cannot recover from the insurer for consequential damages for loss of consortium, etc., since he has sustained no 'bodily injury' within the meaning of the policy."

> . . . .

> "... [I]t often happens that there are consequential damages, as well as the damages suffered by the injured person himself. Thus, where a wife or child is injured, the husband

or parent may also suffer consequential injuries by reason of liability for hospital and doctor bills or for loss of services or consortium. But it has been held that these different types of injuries cannot be split up, in order to bring the claim within the higher policy limits; they are regarded as essentially injuries to one person, so that the lower policy limits applicable to injuries sustained by any one person would govern."

*Sheffield,* 245 S.C. at 395, 140 S.E.2d at 790–91.

Similarly, in *Russo,* this Court recognized "[l]oss of consortium is a claim for consequential damages and is generally excluded from automobile insurance policy definitions of 'bodily injuries.'" *Russo,* 334 S.C. at 457, 513 S.E.2d at 128. Joseph Russo, the insured's husband, sought a declaratory judgment that he was entitled to underinsured motorist (UIM) benefits for loss of consortium in addition to the insured's recovery. This Court reversed the trial court's judgment in Russo's favor and ruled Russo could not recover UIM benefits for loss of consortium under a "per person" limit separate from the insured's recovery for bodily injuries.

In *Sheffield* and *Russo,* the spouse of the individual who was injured in the accident could not recover insurance benefits for consequential damages under a separate "per person" limit. Although *Russo* dealt with underinsured motorist coverage and *Sheffield* with uninsured coverage, this Court enunciated "loss of consortium damages do not constitute a bodily injury regardless of the coverage invoked." *Russo,* 334 S.C. at 458 n. 1, 513 S.E.2d at 128 n. 1.

The Stewarts attempt to distinguish *Sheffield* by arguing the spouse in *Sheffield* sustained no "physical injury" as Wife has alleged in this action. The phrase "physical injury" in *Sheffield* is used only to distinguish consequential damages from the direct physical injury to an individual involved in the automobile accident.

Further, our interpretation of the policy provisions is consistent with South Carolina statutory law. The statute governing basic liability insurance limits coverage to protection against damages "because of bodily injury." S.C.Code Ann. § 38–77–140 (Supp.1999).

The trial court did not err in finding Wife cannot recover from State Farm for loss of consortium under a "per person" limit separate from Husband's recovery for bodily injuries.

 In addition to her allegation as to loss of consortium, Wife averred she suffered emotional distress. Where negligent infliction of emotional distress is proven, the damages arising from such tort constitute a bodily injury to which a separate "per person" limit of insurance applies. *State Farm Mut. Auto. Ins. Co. v. Ramsey*, 295 S.C. 349, 368 S.E.2d 477 (Ct.App.1988), *aff'd*, 297 S.C. 71, 374 S.E.2d 896 (1988). However, coverage is not automatic. *Id.* In order to receive separate liability limits, a claimant bears the burden of proving derivative damages under the elements of *Kinard v. Augusta Sash & Door Co.*, 286 S.C. 579, 336 S.E.2d 465 (1985). In *Kinard*, the Supreme Court adopted the cause of action for negligent infliction of emotional distress with the following elements:

(a) the negligence of the defendant must cause death or serious physical injury to another;

(b) the plaintiff bystander must be in close proximity to the accident;

(c) the plaintiff and the victim must be closely related;

(d) the plaintiff must contemporaneously perceive the accident; and

(e) the emotional distress must both manifest itself by physical symptoms capable of objective diagnosis and be established by expert testimony.

*Kinard*, 286 S.C. at 582–83, 336 S.E.2d at 467.

 Recovery for this type of direct, as opposed to consequential, claim for emotional and physical upset is limited to bystander recovery. *Id.* The *Kinard* Court distinguished recovery under this type of direct claim from recovery of consequential damages resulting from bodily injuries to others by emphasizing the plaintiff in *Kinard* "may not recover for the emotional upset arising from her voluntary vigil at her daughter's bedside following the accident" as part of her direct claim of injury. *Id.* at 583 n. 3, 336 S.E.2d at 467 n. 3.

The elements set forth in *Ramsey* and *Kinard* for a direct claim of emotional and physical upset are not met in the

instant case. Wife was not a bystander in close proximity to the accident in which Husband was involved and did not contemporaneously perceive the accident. Rather, as admitted by the Stewarts in their brief, Wife "became sick as a result of her husband's bodily injuries." The damages sustained by Wife in this case are consequential damages. They do not constitute *direct* bodily injury from the accident. Thus, Wife's damages are covered under the same "per person" limit as the bodily injuries of her husband, from which Wife's injuries resulted.

## II. NO AVAILABLE RECOVERY UNDER POLICY FOR WIFE'S CLAIM

The Stewarts argue the Circuit Court erred in determining there was no coverage for Wife under the State Farm policy. This issue on appeal incorrectly states the Circuit Court found there was no coverage for Wife's claim. On the contrary, the court held Wife's claim was covered, but only under the single "per person" limit also applicable to Husband's claim. The court found coverage, but no available recovery under the policy.

"No recovery can be had for such damages ... if the insurer has paid the full amount of the limitation fixed by the policy to the person injured, recovery in any event being limited to the balance between the amount which the insurer has paid, either to the injured person or to the one claiming consequential damages, and the amount of the limitation fixed by the policy in case of 'bodily injury' to one person." *Sheffield v. American Indem. Co.*, 245 S.C. 389, 395, 140 S.E.2d 787, 790 (1965). Therefore, the finding of the Circuit Court was not in error. *Sheffield* enunciates a strict policy parameter concerning recovery for damages in this scenario. Recovery may be obtained by the individual against the tortfeasor without regard to a liability policy analysis. We hasten to add that our ruling relates to coverage under the policy at issue and has *no* efficacy in an action by Wife against Steven Middleton individually.

## III. LOSS OF CONSORTIUM

Effective June 25, 1969, loss of consortium received the statutory approbation of the South Carolina General Assem-

bly. Pursuant to S.C.Code Ann. § 15–75–20 (1977), "[a]ny person may maintain an action for damages arising from an intentional or tortious violation of the right to the companionship, aid, society and services of his or her spouse. Provided, that such action shall not include any damages recovered prior thereto by the injured spouse."

Under South Carolina law, unlike that of some other states, loss of consortium is an independent action, not derivative. *Preer v. Mims*, 323 S.C. 516, 476 S.E.2d 472 (1996). Although loss of consortium is an independent action, case law has held the right of action does not accrue until the loss of the services, society and companionship of the spouse has actually occurred, which has been defined as the point when the spouse sustained the injuries. *Id.* Loss of consortium arises out of the special relationship between a husband and wife. Our Supreme Court, in *Cook v. Atlantic Coast Line R.R.*, 196 S.C. 230, 13 S.E.2d 1 (1941), articulated:

> "The companionship and society of a wife are not articles of commerce. They cannot be weighed or measured. They are not bought and sold, and no expert is competent to testify to their value. The consideration upon which they are bestowed is not pecuniary. . . ."

*Cook,* 196 S.C. at 243, 13 S.E.2d at 6–7.

One spouse's cause of action for medical expenses and loss of consortium resulting from negligent injuries to the other spouse is a different and distinct cause of action from one maintained by the injured spouse. *Graham v. Whitaker,* 282 S.C. 393, 321 S.E.2d 40 (1984). Judgment in favor of the defendant in one action is not a bar to the other action. *Id.* *See also Priester v. Southern Ry. Co.,* 151 S.C. 433, 149 S.E. 226 (1929) (directed verdict against wife, because of her contributory negligence in federal action, did not bar husband's cause of action for loss of consortium in state court; the causes of action in the two cases are entirely different and distinct, and judgment in favor of defendants in an action on one is not a bar to an action on the other). In *Preer, supra,* the Court held a loss of consortium claim could have a separate accrual date from the claim for direct injury by the other spouse. However, the non-derivative nature of the claim, the fact that it extends to both spouses, and the fact

that different accrual dates possibly exist in no way affect the underlying rationale of *Sheffield v. American Indem. Co.*, 245 S.C. 389, 140 S.E.2d 787 (1965), *Russo v. Nationwide Mut. Ins. Co.*, 334 S.C. 455, 513 S.E.2d 127 (Ct.App.1999), or *State Farm Mut. Auto. Ins. Co. v. Ramsey*, 295 S.C. 349, 368 S.E.2d 477 (Ct.App.1988). The separate nature of a loss of consortium claim was known and recognized at the time the three controlling cases were decided.

In support of their contention that State Farm is required to provide separate "per person" coverage for Wife's loss of consortium action, the Stewarts rely on S.C.Code Ann. § 38–77–140 (Supp.1999), which provides in pertinent part:

> No automobile insurance policy may be issued or delivered in this State to the owner of a motor vehicle or may be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the persons defined as insured against *loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of these motor vehicles* ... (emphasis added).

The Stewarts posit the Wife's loss of consortium and bodily injury damage as a "liability imposed by law" on the tortfeasor which creates an obligation to pay damages. They further reason § 38–77–140 requires separate "per person" coverage for this loss because Wife's consortium claim is a separate and distinct cause of action.

Our analysis is trifurcated:

(1) Because South Carolina treats loss of consortium as a distinct and separate, not derivative, cause of action, must a separate "per person" limit apply to such a claim?

(2) Is the failure to require application of separate coverage limits a violation of public policy by making a tortfeasor uninsured for a loss of consortium claim?

(3) Does S.C.Code Ann. § 38–77–140 mandate separate "per person" coverage for Wife's loss of consortium action?

▪ The crux of coverage is not the separateness of a loss of consortium claim. Instead, the key is the consequential or direct nature of the damages sought. Where the claim is for consequential damages resulting from the bodily injuries suf-

fered by the other spouse, rather than direct emotional or physical injury inflicted by the tortfeasor, the damage claim is covered by the single "per person" limit applicable to the claim for bodily injury giving rise to the consequential damages. Wife's damages were consequential and are covered under the same "per person" limit as the bodily injuries of Husband.

Section 38–77–140 dictates coverage for "loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of these motor vehicles." The Stewarts seize upon this statutory phrase as a premise for their position that Wife's loss of consortium and bodily injury damage claim must be covered under the policy. Their reliance is misplaced. A spouse's loss of consortium and bodily injury damage is *not* imposed by law. Concomitantly, § 38–77–140 does *not* require separate "per person" coverage for this loss.

The Stewarts cite *Bilodeau v. Lumbermens Mut. Casualty Co.*, 392 Mass. 537, 467 N.E.2d 137 (1984), as authority for the proposition that under an automobile liability policy providing "per person" coverage for bodily injury as well as a higher "per accident" liability limit, an insurer that has exhausted its "per person" liability to a person sustaining bodily injury in an automobile accident is obligated to make additional payments within the "per accident" limit for loss of consortium claims by the victim's spouse. In the later case of *Pinheiro, et al. v. The Medical Malpractice Joint Underwriting Assoc.*, 406 Mass. 288, 547 N.E.2d 49 (1989), the Supreme Judicial Court of Massachusetts explicated:

> In *Bilodeau,* we were called on to determine whether a loss of consortium claimant was entitled to a separate "per person" limit of recovery under the provision of the standard Massachusetts automobile liability insurance policy, [which provided "The most we will pay for injuries to any one person as a result of any one accident is [$10,000]." *Pinheiro,* 547 N.E.2d at 53 n. 10.] We reasoned in *Bilodeau* that, "for purposes of applying the limitation of liability 'for injuries to any one person as a result of any one accident,' the loss of consortium claimant must be considered a separate 'person' from the bodily-injured 'person.' "

Thus, we concluded that the consortium plaintiff was entitled to a separate "per person" limit of recovery under the policy at issue in *Bilodeau.*

In 1985, the year following the *Bilodeau* decision, the Commissioner of Insurance modified the language of the standard automobile insurance policy to remove the separate "per person" limit for loss of consortium plaintiffs. [The new version of the limitation read as follows: "The most we will pay for injuries to one or more persons as a result of bodily injury to any one person in any one accident is [$10,000]." *Pinheiro,* 547 N.E.2d at 53 n. 11.] The Commissioner effectively changed the *Bilodeau* result by modifying the "per person" liability language.

*Pinheiro,* 547 N.E.2d at 53 (footnotes omitted). We reject the analysis and holding of *Bilodeau* in the context of South Carolina law.

Moreover, the Stewarts' argument fails because it is based on the false premise that there is no coverage for Wife's loss of consortium claim in violation of South Carolina law or public policy. Wife's consequential damage claim is covered under the same "per person" limit as Husband's direct physical injury. Simplistically put, Wife is not entitled to a separate coverage limit over and above that limit also covering Husband's bodily injury claim. In contrariety to the Stewarts' contention, State Farm's insured had coverage as required by law for both the directly inflicted injury to Husband and the injury to Wife which occurred as a result of Husband's bodily injuries. The fact the amount of liability insurance selected by State Farm's insured may not be adequate to pay the full amount of both types of injuries is a repercussion of the choice made by the insured, not any contravention of South Carolina law or public policy. South Carolina law does not require an automobile liability policy to provide separate coverage under the "per person" policy limits for loss of consortium.

## CONCLUSION

We hold Wife's damages are covered under the same "per person" limit as the bodily injuries of Husband. Further, we rule Wife's claim for loss of consortium is a claim for consequential damages not covered under a separate "per person"

limit from the Husband. We reject the public policy argument emanating from the Stewarts that the liability insurer must provide separate "per person" coverage for a spouse claiming loss of consortium. Additionally, we refuse to mandate separate policy coverage for loss of consortium even in the face of our law holding that loss of consortium is an independent action. South Carolina Code Ann. § 38–77–140 (Supp.1999) does *not* mandate an additional "per person" limit in regard to a loss of consortium claim. Finally, Wife, who was not a bystander, did not satisfy the *Kinard* requirements for a direct claim of negligent infliction of emotional distress. Accordingly, the order of the Circuit Court granting summary judgment to State Farm is

**AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.