THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Thomas K. Burdette and Angie Burdette,       
Appellants,
 
 
 

v.

 
 
 
Carl J. Turner, Odell Short, Baron Agency, Inc., Steve Conner & Rhonda 
 Conner,        Respondents.
 
 
 

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court 
 Judge

Unpublished No. 2004-UP-059
Submitted October 6, 2003  Filed January 
 29, 2004

AFFIRMED

 
 
 
Michael F. Mullinax, of Anderson for Appellants.
Reginald M. Gay and Robert P. Lusk, both of Anderson and 
 Rodney M. Brown, of Fountain Inn, for Respondents.
 
 
 

PER CURIAM:  Thomas and Angie 
 Burdette (Buyers) appeal the circuit courts grant of summary judgment to 
 the defendants on their claims for breach of contract, violation of the Unfair 
 Trade Practices Act (UTPA), violation of the covenant of good faith and fair 
 dealing, and tortious interference with a contract.  Buyers also appeal the 
 circuit courts grant of a directed verdict on their claims for conspiracy and 
 for punitive damages under Buyers cause of action for conversion.  We affirm.  

FACTUAL/PROCEDURAL BACKGROUND
Buyers contracted to purchase real property from 
 Carl J. Turner (Seller).  The contract provided Seller would convey marketable 
 title to Buyers at a closing to occur between October 8, 1999 and October 23, 
 1999.  Additionally, the contract required Buyers to deposit $500 in earnest 
 money with Sellers agent, the Baron Agency.  
On October 13, 1999, Sellers broker, Odell Short 
 (Broker), met with Buyers to close on the property.  However, Buyers stated 
 they believed the adjacent landowners, Steve and Rhonda Conner (Neighbors), 
 were in violation of the subdivisions restrictive covenants.  Thus, Buyers 
 refused to close until Broker obtained assurance from Neighbors that they would 
 abide by the restrictive covenants.   
To accommodate Buyers, Broker offered to speak 
 with Neighbors in attempt to obtain their written assurance.   However, Broker 
 and Buyers did not discuss an extension of the closing deadline.  
On October 15, 1999, Broker met with Neighbors 
 to discuss the restrictive covenants.  During the meeting, Neighbors offered 
 to purchase the property in the event Buyers did not close.  Broker then negotiated 
 a back-up contract, clearly marked as such, by which Neighbors agreed to purchase 
 the property from Seller in the event Buyers failed to close.  
On October 23, 1999, Buyers contract expired.  Thereafter, 
 the Baron Agency informed Buyers their failure to close constituted a breach 
 of contract entitling Seller to keep the $500 earnest money.  Subsequently, 
 Neighbors purchased Sellers property pursuant to the back-up contract. 
Buyers sued for:  1) breach of contract 
 against Seller; 2) violation of the UTPA against Seller, Broker and the Baron 
 Agency; 3) violation of the covenant of good faith and fair dealing against 
 Seller, Broker, the Baron Agency, and Neighbors; 4) tortious interference with 
 a contract against Broker, the Baron Agency, and Neighbors; 5) intentional interference 
 with a prospective contract against Broker, the Baron Agency, and Neighbors; 
 6) civil conspiracy against Seller, Broker, the Baron Agency, and Neighbors; 
 and 7) conversion against Seller and the Baron Agency.  
The circuit court granted summary judgment in favor 
 of all of the defendants on the causes of action for breach of contract, violation 
 of the UTPA, violation of the covenant of good faith and fair dealing, tortious 
 interference with a contract, and intentional interference with a prospective 
 contract. [1]     
The case proceeded to trial on the civil conspiracy 
 claim against Seller, Broker, the Baron Agency, and Neighbors and on the conversion 
 claim against Seller and the Baron Agency.  At the close of Buyers case, the 
 circuit court granted the Baron Agencys motion for directed verdict on the 
 conversion action.  Thereafter, at the close of the trial, the circuit court 
 granted Neighbors motion for directed verdict on the civil conspiracy action 
 and struck the claim for punitive damages against Seller in the conversion cause 
 of action.  The jury returned a verdict in favor of Buyers on the conversion 
 action against Seller in the amount of $500 and found for the defendants on 
 the remaining causes of action.  Buyers appeal.  
LAW/ANALYSIS
Summary judgment is appropriate where 
 there is no genuine issue of material fact and it is clear the moving party 
 is entitled to judgment as a matter of law.  Rule 56(c), SCRCP.  If further 
 inquiry into the facts is necessary to clarify application of the law, summary 
 judgment is not appropriate.  Tupper v. Dorchester County, 326 S.C. 318, 
 325, 487 S.E.2d 187, 191 (1997).  Summary judgment should not be granted even 
 when there is no dispute as to evidentiary facts if there is dispute as to the 
 conclusion to be drawn from those facts.  Id.  The evidence and the 
 inferences drawn therefrom must be viewed in a light most favorable to the non-moving 
 party.  Id.
I.       Breach of Contract
Buyers argue the circuit court erred 
 by granting summary judgment on their breach of contract claim because questions 
 of fact exist.  We disagree.
Where a contracts language is plain and 
 unambiguous, the language used by the parties determines the instruments force 
 and effect.  Jordan v. Sec. Group, Inc., 311 S.C. 227, 230, 428 S.E.2d 
 705, 707 (1993).  The judicial function of a court of law is to enforce a contract 
 as made by the parties, and not to rewrite or to distort, under the guise of 
 judicial construction, contracts, the terms of which are plain and unambiguous.  
 Hardee v. Hardee, 355 S.C. 382, 387, 585 S.E.2d 501, 503 (2003).  It 
 is not the province of the courts to construe contracts broader than the parties 
 have elected to make them or to award benefits where none was [sic] intended.  
 Stewart v. State Farm Mut. Auto. Ins. Co., 341 S.C. 143, 151, 533 S.E.2d 
 597, 601 (2000).  
The language utilized in the contract required 
 Seller to convey marketable title at a closing to occur between October 8, 1999 
 and October 23, 1999, with time being of the essence.  However, at the closing 
 scheduled pursuant to the contract, Buyers refused to complete the transaction, 
 stating they would not close on the property without written assurance from 
 Neighbors they would abide by the subdivisions restrictive covenants.  Broker 
 agreed to talk with Neighbors.  However, no evidence exists indicating Broker 
 guaranteed he would satisfy Buyers concerns.  Furthermore, no evidence exists 
 indicating the parties discussed altering provisions of Buyers contract with 
 Seller.  Subsequently, the contract expired, and Seller sold the property to 
 Neighbors.
Brokers conversation with Buyers, indicating he would 
 speak to Neighbors, without more, is insufficient to alter the time provisions 
 of Buyers contract with Seller. See Sauner v. Pub. Serv. Auth. of 
 South Carolina, 354 S.C. 397, 405-06, 581 S.E.2d 161, 166 (2003) (holding 
 the necessary elements of a contract are an offer, acceptance, and valuable 
 consideration, and a written contract may be modified by a subsequent agreement 
 of the parties, provided the subsequent agreement contains all the requisites 
 of a valid contract).  Thus, Buyers claim for breach of contract, if cognizable, 
 must be based on the terms of the written contract.  
The written contract provided Seller must convey 
 marketable title to Buyers at a closing to occur between October 8, 1999, and 
 October 23, 1999, with time being of the essence.  Buyer provides no argument 
 or authority, nor are we aware of any, to support the proposition that marketable 
 title includes an obligation on the part of a seller to force an adjoining landowner 
 to comply with restrictive covenants on the adjoining landowners property.
Additionally, Buyers claim Broker, as developer 
 of the subdivision and in his capacity as signatory to the restrictive covenants, 
 had a duty to enforce the covenants.  As authority supporting this claim, Buyers 
 cite to the restrictive covenants.  However, nowhere in the covenants document 
 is this duty imposed upon Broker, nor is the duty to enforce the covenants imposed 
 upon any specific individual.  The covenants merely provide a legal right to 
 enforce the restrictions against anyone violating or attempting to violate a 
 covenant. [2] 
It is undisputed that Seller was ready, willing, 
 and able to perform in accordance with the contract at all times between October 
 8 and October 23.  However, Buyers, at the scheduled closing, refused to perform 
 and attempted to unilaterally alter provisions of the contract.  Because the 
 contract states time was of the essence, and Seller was ready, willing, and 
 able to perform pursuant to the contract, Buyers cannot claim Seller breached 
 the contract merely because Seller sold the property to another following the 
 contracts expiration.  See 17A Am. Jur. 2d Contracts § 716 (2003) 
 ([B]reach[] . . . [of a contract] is . . . a failure . . . to perform any 
 promise which forms a whole or a part of a contract, including the refusal of 
 a party to recognize the existence of the contract or the doing of something 
 inconsistent with its existence.); see also Stewart, 341 S.C. 
 at 151, 533 S.E.2d at 601 (It is not the province of the courts to construe 
 contracts broader than the parties have elected to make them or to award benefits 
 where none was [sic] intended.).   Thus, the circuit court did not err by granting 
 summary judgment.
II.      Breach of Covenant of Good Faith and Fair Dealing
Buyers argue the circuit court erred by 
 granting summary judgment to Seller, Broker, the Baron Agency, and Neighbors 
 on the action for breach of covenant of good faith and fair dealing.  We disagree.
Although implied covenants are not favored 
 in the law, . . . there exists in every contract an implied covenant of good 
 faith and fair dealing.  Commercial Credit Corp. v. Nelson Motors, Inc., 
 247 S.C. 360, 366-67, 147 S.E.2d 481, 484 (1966); Williams v. Riedman, 
 339 S.C. 251, 267, 529 S.E.2d 28, 36 (Ct. App. 2000).  Thus, 

whenever the cooperation of the promisee is necessary for 
 the performance of the promise, there is a condition implied that the cooperation 
 will be given. [Furthermore,] [w]hen one undertakes to accomplish a certain 
 result he agrees by implication to do everything to accomplish the result intended 
 by the parties . . . . Moreover, there is an implied undertaking in every contract 
 on the part of each party that he will not intentionally and purposely do anything 
 to prevent the other party from carrying out his part of the agreement, or do 
 anything which will have the effect of destroying or injuring the right of the 
 other party to receive the fruits of the contract. 

17A Am. Jur. 2d Contracts § 380 (2003).
Initially, because no evidence exists 
 within the record indicating Neighbors had a contract with Buyers or were in 
 privity of contract with Seller in relation to the contract with Buyers, Neighbors 
 cannot be liable for a breach of a covenant of good faith and fair dealing.  
 See Commerical Credit, 247 S.C. at 368, 147 S.E.2d at 484 (holding 
 the covenant of good faith and fair dealing is implied in contractual relationships 
 and exists between the contracting parties).  Thus, as to Neighbors, the circuit 
 court properly granted summary judgment. 
As to Seller, Broker, and the Baron Agency, Broker 
 told Buyers he would speak with Neighbors concerning the violation of the restrictive 
 covenants.  However, no evidence exists indicating Broker either guaranteed 
 he would remedy the violation or that the contract would be extended.  
Broker spoke to Neighbors and they offered to buy 
 the property if Buyers did not close.  Seller, Broker, and the Baron Agency 
 did not alert Buyers to the fact they signed a back-up contract.  Furthermore, 
 they did not alert Buyers the time for performance under the contract was expiring.  
 Buyers contract expired without a closing, and, pursuant to the back-up contract, 
 Seller sold the property to Neighbors.  
This evidence is insufficient, without more, to 
 establish a breach of the covenant of good faith and fair dealing, as it does 
 not indicate Seller, Broker, or the Baron Agency either:  1) engaged in some 
 act to prevent Buyers from performing under the contract; or 2) failed to do 
 some act, thus hindering Buyers ability to perform.  Consequently, the circuit 
 court did not err by granting summary judgment.
III.    Violation of the UTPA
Buyers argue the circuit court erred by 
 granting summary judgment to Seller, Broker, and the Baron Agency on Buyers 
 claim for violation of the UTPA.  We disagree.  
Under the UTPA, [u]nfair methods of competition 
 and unfair or deceptive acts or practices in the conduct of any trade or commerce 
 are . . . declared unlawful.  S.C. Code Ann. § 39-5-20(a) (1985).  Mere breach 
 of contract does not constitute a violation of the UTPA.  South Carolina 
 Natl Bank v. Silks, 295 S.C. 107, 111, 367 S.E.2d 421, 423 (Ct. App. 1988).  
 To bring a private action under the UTPA, a party must prove the defendants 
 actions adversely affected the public interest.  Daisy Outdoor Adver. Co. 
 v. Abbott, 322 S.C. 489, 493, 473 S.E.2d 47, 49 (1996).  Unfair or deceptive 
 acts or practices have an impact upon the public interest if the acts or practices 
 have the potential for repetition.  Crary v. Djebelli, 329 S.C. 385, 
 387, 496 S.E.2d 21, 23 (1998).    The potential for repetition is demonstrated 
 by showing: (1) the same type of actions occurred before, making it likely the 
 actions will continue; or (2) the organizations policies or procedures create 
 a potential for repetition of the unfair and deceptive acts.  Id.  These 
 are not the only means of showing the potential for repetition, however, and 
 each case must be evaluated on its own merits.  deBondt v. Carlton Motorcars, 
 Inc., 342 S.C. 254, 270, 536 S.E.2d 399, 407 (Ct. App. 2000).
In a light most favorable to Buyers, no 
 evidence exists within the record indicating the actions of Seller, Broker, 
 or the Baron Agency, if unfair or deceptive, had a public impact or a potential 
 for repetition.  See Crary, 329 S.C. at 387, 496 S.E.2d at 23.  
 Thus, the circuit court properly granted summary judgment.
IV.    Tortious Interference with Contractual Relations
Buyers argue the circuit court erred by granting 
 summary judgment on their claim for tortious interference with a contract.  
 We disagree.  
To sustain an action for tortious interference 
 with a contract, a party must show (1) a contract; (2) the wrongdoers knowledge 
 thereof; (3) his intentional procurement of its breach; (4) the absence of justification; 
 and (5) the damage resulting therefrom.  Kinard v. Crosby, 315 S.C. 
 237, 240, 433 S.E.2d 835, 837 (1993).  A third party is liable for tortious 
 interference with a contract where one intentionally induces a party to the 
 contract not to perform.  Threlkeld v. Christoph, 280 S.C. 225, 227, 
 312 S.E.2d 14, 16 (Ct. App. 1984).  Generally, there can be no finding of intentional 
 interference with . . . contractual relations if there is no evidence to suggest 
 any purpose or motive by the defendant other than the proper pursuit of its 
 own contractual rights with a third party.  United Educ. Distrib., LLC, 
 v. Educ. Testing Serv., 350 S.C. 7, 14, 564 S.E.2d 324, 328 (Ct. App. 2002).
As the circuit court properly held there was no 
 breach of contract in this case, there can be no intentional procurement of 
 a breach on the part of Neighbors, Broker, or the Baron Agency.  Thus, the circuit 
 court properly granted summary judgment.
 V.               
 Civil Conspiracy
Buyers argue the circuit court erred by 
 granting a directed verdict to Neighbors on the civil conspiracy cause of action. 
 [3]   We disagree.
In reviewing a denial of motions for directed verdict, 
 the evidence and reasonable inferences that can be drawn therefrom must be viewed 
 in the light most favorable to the non-moving party.  Brady Dev. Co. v. Town 
 of Hilton Head Island, 312 S.C. 73, 78, 439 S.E.2d 266, 269 (1993);  Evans 
 v. Taylor Made Sandwich Co., 337 S.C. 95, 99, 522 S.E.2d 350, 352 (Ct. App. 
 1999).  The motion should not be granted where the evidence yields more than 
 one inference or its inference is in doubt.  Evans, 337 S.C. at 99, 
 522 S.E.2d at 352.  When considering the motion, neither the appellate court 
 nor the circuit court has authority to decide credibility issues or to resolve 
 conflicts in the testimony and evidence.  Reiland v. Southland Equip. Serv., 
 Inc., 330 S.C. 617, 634, 500 S.E.2d 145, 154 (Ct. App. 1998).
In order to establish a claim for civil 
 conspiracy, a plaintiff must demonstrate a combination of two or more persons 
 joining for the purpose of injuring the plaintiff and causing special damage 
 to the plaintiff.  LaMotte v. Punch Line of Columbia, Inc., 296 S.C. 
 66, 69, 370 S.E.2d 711, 713 (1988).  Lawful acts may become actionable as a 
 civil conspiracy when the object is to ruin or damage the business of another.  
 Gynecology Clinic, Inc., v. Cloer, 334 S.C. 555, 556, 514 S.E.2d 592, 
 592 (1999).
The evidence within the record indicates 
 Neighbors were unaware Buyers adjacent lot was for sale until they received 
 a telephone call from Broker concerning the violation of the restrictive covenants.  
 Furthermore, the evidence indicates that even after creating the back-up contract 
 with Seller, Neighbors had no expectation the contract would become effective.   
 Moreover, entering into a backup contract does not infer the parties conspired 
 to ruin or damage Buyers opportunity to close.  As no other evidence exists 
 within the record indicating Neighbors acted in conjunction with any party to 
 interfere with Buyers contract, the circuit court properly granted Neighbors 
 motion for directed verdict.
CONCLUSION
Based on the foregoing, the circuit courts 
 decision is 
 AFFIRMED.
STILWELL, HOWARD, and KITTREDGE, JJ., concurring.

 
 [1] Appellants did not appeal the grant of summary 
 judgment on the claim for intentional interference with a prospective contract. 
 

 
 [2] Additionally, Buyers failed to provide any legal 
 authority supporting this position.  Therefore, we deem it abandoned. 

 
 
 [3] Additionally, Buyers argue the circuit court erred by granting a 
 directed verdict to Neighbors and Broker on the issue of punitive damages 
 after raising the issue on its own motion.  However, Buyers failed to object 
 to the circuit courts sua sponte ruling on punitive damages, and therefore, 
 this issue is not preserved for appellate review.  See Bryant v. 
 Waste Mgmt, Inc., 342 S.C. 159, 172, 536 S.E.2d 380, 387 (Ct. App. 2000) 
 (holding appellant must object on contested ground during trial to preserve 
 the ground for appellate review); see also Staubes v. City of Folly 
 Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (holding that issues 
 not raised and ruled upon by the circuit  court will not be considered on 
 appeal).