602 S.E.2d 783

**Verlette R. KIZER, Respondent,**

v.

**Kenneth L. KINARD, Appellant.**

No. 3862.

Court of Appeals of South Carolina.

Heard April 7, 2004.
Decided Sept. 7, 2004.

Lewis C. Lanier, of Orangeburg, for Appellant.

Randolph Murdaugh, IV, of Hampton, for Respondent.

BEATTY, J.:

Verlette R. Kizer brought this action seeking a declaratory judgment under an underinsured motorist (UIM) policy issued to her by Horace Mann Insurance Company. The circuit court found Mrs. Kizer could receive compensation for an amount up to the limits of the UIM policy subject to a setoff of $25,000. Horace Mann appeals, asserting it is entitled to a setoff of $50,000. We affirm the circuit court's ruling.

## FACTS

Verlette Kizer's claim for underinsured motorist benefits arises from a collision in Bamberg County between an automobile driven by her and one driven by Kenneth L. Kinard. As a result of the collision, Mrs. Kizer suffered severe personal injury. Her husband, Charles F. Kizer, also suffered damages for loss of consortium as a result of the accident; however, Mr. Kizer never filed a loss of consortium action. Kinard's

negligence or fault in causing the accident and resulting injury and loss of consortium is not disputed in this appeal.

At the time of the accident, Horace Mann Insurance Company insured Mrs. Kizer against bodily injury or death caused by an underinsured motorist.[1] Kinard had automobile liability insurance coverage with Government Employees Insurance Company (GEICO) with split liability limits of $50,000 per person and $100,000 per occurrence.

GEICO disbursed the $50,000 proceeds of Kinard's liability coverage equally between Mrs. Kizer and her husband, receiving a covenant not to execute from the Kizers. Thus, GEICO allocated $25,000 to Mrs. Kizer on her personal injury claim and $25,000 to Mr. Kizer on his loss of consortium claim. Claiming damages for her personal injuries in excess of $25,000, Mrs. Kizer sought compensation under the Horace Mann UIM policy.[2]

Horace Mann denied Mrs. Kizer's request, asserting it was entitled to a $50,000 setoff of GEICO's policy limits against all liability stemming from her personal injury claim. Mrs. Kizer, however, asserted Horace Mann was only entitled to a setoff of $25,000 from the GEICO payments because she received that amount. Mrs. Kizer argues that the payments she and her husband received exhausted the $50,000 per person liability limits of the GEICO policy. The circuit court agreed with Mrs. Kizer, finding, as to Mrs. Kizer's claim, that Horace Mann was entitled to a setoff of $25,000 of GEICO's payment. Also, the court determined that Horace Mann would be entitled to a $25,000 setoff on any UIM claim by Mr. Kizer. Horace Mann appeals.

## STANDARD OF REVIEW

A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying

1. Mrs. Kizer was also insured by an underinsurance policy with Nationwide Insurance Company in the amount of $25,000.

2. Mrs. Kizer's damages apparently amounted to at least $75,000. Even though Mrs. Kizer received $25,000 from GEICO and an additional $25,000 from Nationwide, Horace Mann agreed to pay an additional $25,000 if Mrs. Kizer prevails in this action.

issue. *Antley v. Nobel Ins. Co.*, 350 S.C. 621, 625, 567 S.E.2d 872, 874 (Ct.App.2002) (citing *Felts v. Richland County*, 303 S.C. 354, 400 S.E.2d 781 (1991)). As the issue below involved a determination of underinsured motorist coverage, the action is at law. *State Farm Mut. Auto. Ins. Co. v. Calcutt*, 340 S.C. 231, 237, 530 S.E.2d 896, 899 (Ct.App.2000). "In an action at law, the trial judge's factual findings will not be disturbed on appeal unless a review of the record reveals there is no evidence which reasonably supports the judge's findings." *Id.*

## LAW/ANALYSIS

■ Horace Mann contends it is entitled to a setoff of GEICO's $50,000 policy limits in Mrs. Kizer's UIM claim because Mrs. Kizer failed to exhaust GEICO's available coverage. We agree that Horace Mann is entitled to a setoff; the question presented on this appeal is the amount of Horace Mann's setoff of GEICO's payment.

■ Underinsured motorist coverage is optional coverage provided when the insured sustains damages in excess of the at-fault driver's liability coverage, recovery being in addition to any recovery from the at-fault motorist, the total recovery not to exceed the damages sustained. *Broome v. Watts*, 319 S.C. 337, 341, 461 S.E.2d 46, 48 (1995). The UIM statute does not require payment of the applicable policy limits as a precondition to collecting UIM benefits; however, the UIM carrier is entitled to a credit for any amount of liability coverage not exhausted in settlement. *Cobb v. Benjamin*, 325 S.C. 573, 589, 482 S.E.2d 589, 597 (Ct.App.1997).

"The very definition of UIM insurance mandates set-off." *Broome*, 319 S.C. at 341, 461 S.E.2d at 48. Horace Mann asserts that GEICO's apportionment of payment of its policy limits between Mr. and Mrs. Kizer does not alter Horace Mann's right to a setoff of the entire $50,000 against any claim by Mrs. Kizer. Horace Mann argues that, notwithstanding payment of the liability limits of GEICO's policy, the limits were not exhausted as to Mrs. Kizer's bodily injury claim because the entire amount was not paid to her. We disagree.

■ Horace Mann erroneously assumes that the consequential damages characterization of a loss of consortium claim

requires that it be inseparable from the spouse's bodily injury claim. The two claims are distinct and independent. "It is well settled in South Carolina that one spouse's cause of action for medical expenses and loss of consortium resulting from negligent injuries to the other spouse is a different and distinct cause of action from one maintained by the injured spouse; judgment in favor of the defendant in one action is not a bar to the other action." *Graham v. Whitaker*, 282 S.C. 393, 397, 321 S.E.2d 40, 43 (1984).

"[A]ny person may maintain an action for damages arising from an intentional or tortious violation of the right to the companionship, aid, society and services of his or her spouse." *Stewart v. State Farm Mut. Auto. Ins. Co.*, 341 S.C. 143, 156, 533 S.E.2d 597, 603–604 (Ct.App.2000) (quoting S.C.Code Ann. § 15–75–20 (1977)). "[L]oss of consortium is an independent action, not derivative." *Stewart*, 341 S.C. at 156, 533 S.E.2d at 604.

Our courts have decided that "per person" liability limits include loss of consortium claims. *Id.*; *see also Sheffield v. Am. Indem. Co.*, 245 S.C. 389, 140 S.E.2d 787 (1965). However, the courts' rulings in these cases did not nullify the independent status of a loss of consortium claim. Nor did they rule that a loss of consortium claim is inseparable from the claim of an injured spouse. The courts simply pointed out that the bodily injury claim and the loss of consortium claim share the limits of a per person liability limits policy.

We find that the $50,000 per person injury limit in Kinard's GEICO liability policy was exhausted by the combined payment of $25,000 to Mrs. Kizer for her physical injuries and $25,000 to Mr. Kizer for his loss of consortium due to Mrs. Kizer's injuries. Accordingly, we conclude that Horace Mann is only entitled to setoff the $25,000 GEICO paid to Mrs. Kizer. The ruling of the circuit court is therefore

**AFFIRMED.**

HEARN, C.J., and ANDERSON, J., concur.