THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ashley Long Brunson, Respondent,
v.
Connie Long and S.C. Farm Bureau Insurance Companies d/b/a S.C. Farm Bureau Mutual Insurance Company,
Defendants,
Of Whom Connie Long is the Respondent
and
S.C. Farm Bureau Insurance Companies d/b/a S.C. Farm Bureau Mutual Insurance Company is the
Appellant.
 
 
 

Appeal From Dillon County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2005-UP-450
Heard June 17, 2005  Filed July 15, 2005

REVERSED

 
 
 
Louis David Nettles, of Florence, for Appellant.  
Timothy Matthew Ammons, of Dillon, for Respondent.
 
 
 

PER CURIAM:  South Carolina Farm Bureau Insurance Company appeals a trial courts order finding Ashley Brunsons injuries were covered under the underinsured motorist provision of her mothers automobile insurance policy.  We reverse.  
FACTS
Ashley Brunson was a passenger in an automobile owned by Megan Hickey when it was involved in an accident.  Brunson suffered injuries as a result of the accident and sought coverage under the underinsured motorist portion of a policy issued to her mother, Connie Long, by South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau).  
Part II of Longs policy describes her uninsured and underinsured motorist coverage.  This section provides:  We will pay damages for bodily injury or property damage a covered person is legally entitled to collect from the owner or operator of an uninsured motor vehicle.  Part II also provides definitions for various terms used in Part II.  This section defines a covered person as a. you and any family member; b. any other person occupying your covered auto; c. any legal representative for damages sustained by persons described in a. or b. above, under any wrongful death statute.  Longs policy also contains a separate definition section for the entire policy.  This section defines you and your as the named insured shown on the Declarations; and the spouse if a resident of the same household.  This section also defines family member as a person related to you by blood, marriage or adoption who is a resident of your household.  This includes a ward or foster child.  
Only Longs name appeared under Named Insured on the policys declaration sheet.  The only vehicle included on the policys declaration sheet was a 1999 Chevrolet Blazer.  The declaration sheet listed Brunson as a Driver Listed on the Vehicle.  
After Brunson submitted her claim for coverage, Farm Bureau informed her she was not entitled to underinsured motorist coverage under Longs policy.  Brunson filed suit against Farm Bureau seeking a declaratory judgment to determine coverage under the policy.  The trial court determined the language in the policy was ambiguous because it did not address the rights and responsibilities of a listed driver.  Due to this ambiguity, the trial court held as a matter of law that the policy afforded underinsured motorist benefits to listed drivers.  Farm Bureau filed a motion to alter or amend pursuant to Rule 59(e), SCRCP, which the trial court denied.  
STANDARD OF REVIEW
A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue. 
Doe v. South Carolina Med. Malpractice Liab. Joint Underwriting Assn,
347 S.C. 642, 645, 557 S.E.2d 670, 672 (2001) (quoting Felts v. Richland County,
303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991)).  An action to determine coverage under an insurance policy is an action at law.  South Carolina Farm Bureau Mut. Ins. Co. v. Wilson,
344 S.C. 525, 528-29, 544 S.E.2d 848, 849 (Ct. App. 2001).  In an action at law, tried without a jury, our review extends only to the correction of error of law. 
Kemp v. Rawlings, 358 S.C. 28, 34, 594 S.E.2d 845, 848 (2004).  Therefore, we will not disturb the trial courts findings of fact unless they are wholly unsupported by the evidence or controlled by an error of law. 
McInnis v. McInnis, 348 S.C. 585, 589, 560 S.E.2d 632, 634 (Ct. App. 2002).  
LAW/ANALYSIS 
1.  Ambiguity 
 Farm Bureau argues the trial court erred in finding the language in Longs policy ambiguous, and thus, it erred in interpreting the language in the policy to find underinsured motorist coverage for Brunsons injuries.  Specifically, Farm Bureau asserts Brunson does not meet the definition of covered person based on the definition of covered person and you in the policy.  We agree.  
 Insurance policies are subject to the general rules of contract construction. 
 Auto-Owners Ins. Co. v. Carl Brazell Builders, Inc., 356 S.C. 156, 162, 588 S.E.2d 112, 115 (2003).  Thus, the court must give the policy language its plain, ordinary, and popular meaning.  Id.  The meaning of a particular word or phrase is not determined by considering the word or phrase by itself, but by reading the policy as a whole and considering the context and subject matter of the insurance contract. 
 Stewart v. State Farm Mut. Auto. Ins. Co., 341 S.C. 143, 151, 533 S.E.2d 597, 601 (Ct. App. 2000).  When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used. 
 Hardee v. Hardee, 355 S.C. 382, 387, 585 S.E.2d 501, 503 (2003).  An insurers obligation under a policy of insurance is defined by the terms of the policy itself and cannot be enlarged by judicial construction.  South Carolina Farm Bureau Mut. Ins. Co. v. Wilson,
 344 S.C. 525, 530, 544 S.E.2d 848, 850 (Ct. App. 2001).  The courts function is to enforce an insurance contract as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous.  Stewart, 341 S.C. at 151, 533 S.E.2d at 601.  Therefore, the courts province is not to construe contracts broader than the parties have elected to make them or to award benefits where none were intended.  Id. 
 Since Brunson is not a named insured on the declaration page of the policy, Brunson does not fall within the definition of you.  Furthermore, since Brunson is not a resident of her mothers household, she does not meet the definition of family member.  Because the accident at issue did not involve the 1999 Blazer, Brunson is not a covered person under sub-section (b) of the definition.  Finally, no wrongful death statute is implicated, so subsection (c) is not relevant.  Thus, under the clear language of the policy, Brunson does not qualify as a named insured.
 The failure to define driver listed on the vehicle does not render the policy ambiguous in the face of the clearly defined provisions of the policy.  Recently, in Ex parte United States Auto. Assn, Op. No. 3977 (S.C. Ct. App. filed Apr. 18, 2005) (Shearouse Adv. Sh. No. 17 at 78), we addressed a similar issue of whether the failure to define the term operator in a policy created an ambiguity and determined that it did not.  Id. at 83.  After reviewing cases from other jurisdictions, we adopted the majority rule and held that listing an individual as an operator on the declarations page of an insurance policy does not make that individual a named insured.  Id.  
 Because Brunson does not fit within the parameters of the covered person, she is not entitled to underinsured motorist coverage under the policy.
 2.  Additional Sustaining Ground
 At oral argument Brunson argued the policy was ambiguous because it failed to specify whether the relevant definitions were to be applied at the time the policy was issued or at the time of the accident.  The trial court did not consider this particular issue, but because the matter is raised as an additional or alternative sustaining ground, we may consider it.  IOn L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 526 S.E.2d 716 (2000).  However, this ground is not argued in Brunsons brief and was raised for the first time at oral argument.  Therefore, Brunson abandoned the additional sustaining ground by failing to raise it in the appellate brief.  Id. at 420, 526 S.E.2d at 723.  Even if Brunson did not abandon the additional ground, it would be unjust and unwise for us to rule on this issue under these circumstances, and we decline to do so.  
 CONCLUSION
 We find the trial court erred in finding the language in Longs policy ambiguous as to whether underinsured motorist benefits are available to a listed driver.  Thus, we find the trial court erred in determining that the definition of you contained in the policy includes a listed driver.  Accordingly, the trial courts order is 
 REVERSED.
 ANDERSON, STILWELL, and WILLIAMS, JJ., concur.