23244

SOUTH CAROLINA NATIONAL BANK, Respondent v. Frederick K. JONES, Appellant.

(394 S.E. (2d) 323)

Supreme Court

*Frederick K. Jones*, Harsville, *for appellant.*

*Donald E. Rothwell*, Columbia, *for respondent.*

Heard June 4, 1990.

Decided July 23, 1990.

FINNEY, Justice:

Respondent South Carolina National Bank (SCN) commenced this action on October 28, 1985, against appellant Frederick K. Jones to recover balances alleged to be due on two credit card accounts. The trial judge directed verdicts in favor of SCN as to both accounts. We reverse.

It is uncontroverted that SCN issued two credit cards to Jones; a VISA card pursuant to an application signed by Jones in 1968 and an Instant Cash Reserve (ICR) card upon an application signed by Jones in 1977.

During trial, SCN introduced summary statements of each account without inserting, attaching or otherwise introducing the monthly account statements. Neither summary statements specified a date of compilation. However, "charge-off" dates were indicated as July 22, 1982, for the VISA account and September 15, 1982, on the ICR account.

Jones contends the trial judge erred by permitting SCN to introduce the summarizations, asserting they were not prepared at or near the time of the transactions reflected therein, in contravention of the Uniform Business Records as Evidence Act, S.C. Code Ann. § 19-5-510 (1985). The act states, in relevant part, as follows:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event ...

Accordingly, a requisite for the admissibility of business records is that entries therein must have been made at or near the time of the transactions to which they relate. The purpose of this mandate is to aid in establishing that the record was honestly and fairly kept. 30 Am. Jur. (2d) *Evidence* § 938 (1967).

An SCN recovery manager/officer testified that the summarization statements were compiled from monthly

account statements issued to Jones. However, this record is devoid of evidence as to whether or not the entries were made at or near the time of the recorded transactions, at the time the accounts were "charged-off" in 1982, or in preparation for trial.

We find that SCN failed to establish that entries on the summary statements were made at or near the time of the transactions, as required by S.C. Code Ann. § 19-5-510, rendering such summarizations inadmissible under the Uniform Business Records as Evidence Act. Hence, SCN is not entitled to directed verdicts upon the proof presented.

Accordingly, the judgment of the trial court is reversed.

Reversed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.